BUCHTA *v.* LEHMANN.

EQUITY—DEEDS—MORTGAGES—RECONVEYANCE—ACCOUNTING.
> Where plaintiff, embarrassed by debts and in danger of losing his property, deeded it to defendant, to whom he was indebted, with understanding that he would buy it back when financially able to do so, he is not entitled to its reconveyance without reimbursing defendant for money paid for back taxes, interest on mortgage, and part of principal, especially where, in suit for accounting, bill prayed that amount owing to defendant be decreed lien on property.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted January 10, 1933. (Docket No. 86, Calendar No. 36,987.) Decided May 16, 1933.

Bill by Henry Buchta against William J. Lehmann to enjoin summary proceedings and for an accounting. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Harry N. Grossman* (*Meyer R. Rubin,* of counsel), for plaintiff.

*Fred A. Lehmann,* for defendant.

McDONALD, C. J. This bill was filed for an accounting and to have the amount found to be due from the plaintiff established as a lien on certain premises previously conveyed to the defendant.

The plaintiff has been long engaged in the roofing business in the city of Detroit. He was prosperous until a few years ago, when, by reason of a large number of outstanding accounts of slow collection,

he became financially embarrassed and was unable to pay his creditors. As a result numerous judgments have been taken against him which he is unable to satisfy. He owned five parcels of real estate, all of which were incumbered. On some, mortgages were in process of foreclosure and his interests in others threatened. He conveyed by deed all five parcels to the defendant, who is an attorney, and in that capacity had represented the plaintiff for several years, and to whom at that time he was indebted for legal services. The defendant claims that the plaintiff was unable to pay any taxes, interest, or principal due on his mortgages and contracts; that he knew he would lose the properties, and, because of that, requested the defendant to take them over on the understanding that he would buy them back when he collected his outstanding accounts. The plaintiff admits this, but adds, as another reason for the transfer, that by such an arrangement his creditors would not be able to get the property.

One of the parcels of real estate, known as the Holcomb avenue property, was the plaintiff's homestead. He was purchasing it on contract. He assigned this contract to the defendant, who paid up the balance due and took a deed from the vendor. The Fidelity Trust Company held a mortgage on this property for $4,400. Foreclosure was threatened. The defendant paid the back taxes, interest on the mortgage, and some on the principal, amounting in all at the time of the trial to $2,908.59.

At the conclusion of the hearing, the court made the following finding:

"The court therefore holds that the plaintiff is entitled to what is called the Holcomb avenue property, subject to the mortgage and taxes against the same, absolutely free and clear from any right, title,

or claim that the defendant has therein, and that if the defendant fails to deed said property to the plaintiff free of all rights and interests that the defendant may have therein, then a copy of this decree filed with the register of deeds would transfer the title to the plaintiff. The defendant is entitled to all other properties, four in number, subject to the obligations and liabilities against the same, and all claims for attorneys fees he may have, or claims to have, are hereby canceled, leaving the plaintiff with the Holcomb property as his own, free and clear as far as the defendant is concerned, and the deeds to the other properties will remain as they are, in the defendant.''

A decree was entered in accordance with this finding, and the defendant has appealed. There is no cross-appeal by the plaintiff.

Counsel in their briefs and the court in his decision seem to have lost sight of the issue in this case as framed by the pleadings. In his bill of complaint the plaintiff asked for the following relief:

''That this honorable court determine the exact amount of the obligation due the defendant from the plaintiff, and decree that said obligation be a lien upon said premises.''

This prayer for relief was based on the claim that the conveyances to the defendant, though absolute on their face, were intended as security for the moneys which it was necessary for the defendant to advance in order to preserve the properties for the plaintiff. The plaintiff testified as to his understanding of the agreement as follows:

''*Q.* Well, what was your understanding of this agreement?

''*A.* Well, that if I signed it, if I ever could settle up with him I could get everything back; that is as much as I understood it.

"*Q.* That is, whenever you could settle with him you could get these properties back?

"*A.* Yes."

That such was the agreement and was so understood by the defendant is shown by his manner of handling the two properties on Rivard street. There was a mortgage of $500 on each of these properties, both of which were being foreclosed. The defendant took them over, paid the mortgages and back taxes, sold them on contract, and settled with the plaintiff by paying him $600 in cash and crediting him with $678.36, which was the amount due for legal services. This transaction was a recognition of the plaintiff's interest in the properties.

The four properties, two on Rivard street and two on Livingston avenue, are not involved in this appeal. By his decree the court confirmed title to them in the defendant, and the plaintiff has not appealed. We are concerned only with the fifth parcel, known as the Holcomb avenue property. This was decreed to the plaintiff free of any interest or claimed interest on the part of the defendant.

Under the agreement by which title to this property became vested in the defendant, it was to be reconveyed to the plaintiff on payment of defendant's necessary investment. It is undisputed that defendant paid the balance which the plaintiff owed on the contract, that he paid the back taxes, interest, and a part of the principal on the mortgage, amounting in all to $2,908.59. On the payment of this amount the plaintiff is entitled to a reconveyance of this property subject to the existing mortgage.

It is fair to say of the defendant that the evidence shows no overreaching or fraud on his part in his dealings with the plaintiff. When he took the properties over, foreclosure was pending on all except

that on Holcomb avenue. Taxes were unpaid, instalments of interest and principal were long overdue on that property, and foreclosure was threatened. The defendant protected plaintiff's interests, and is entitled to be reimbursed for the money expended in doing so.

The decree of the circuit court as to the Holcomb avenue property is reversed, and one will be entered in this court confirming the title in the defendant unless within 60 days from the date of entry the plaintiff shall pay to the defendant $2,908.59, with interest at five per cent. from August 4, 1932.

The defendant will have costs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.