CORKINS *v.* RITTER.

1. DISMISSAL AND NONSUIT—MOTION TO DISMISS—RES JUDICATA.
   The defense of *res judicata* may be raised by motion to dismiss (Court Rule No 18, § 1 [e] [1945]).

2. EQUITY—MAXIMS.
   Equity follows the law and will not, as a rule, permit that to be done by indirection which cannot be done directly.

3. JUDGMENT—RES JUDICATA—EJECTMENT—IMPROVEMENTS—LIENS —EQUITY.
   Where it was decided in an action of ejectment as a matter of law that defendant therein could not recover for improvements he had placed upon the land, since he had not filed the statutory notice therefor, such defendant may not recover the value of such improvements in a subsequent suit to establish a lien therefor upon the property, in effect a rehearing in the guise of a new bill of complaint (CL 1948, §§ 629.44, 629.45).

4. SAME—EJECTMENT—NOTICES AS TO IMPROVEMENTS—JUDGMENT— TRANSFER TO EQUITY.
   Where defendant in ejectment action failed to give statutory notice as to improvements made upon the property and was denied recovery therein and his motion to transfer case to equity was also denied, his subsequent bill to establish a lien for the value of such improvements constituted an attempt to do by indirection that which could not be done directly (CL 1948, §§ 629.44, 629.45).

5. EJECTMENT—IMPROVEMENTS—NOTICES.
   By the giving of certain notices to the opposing party, the defendant in an action of ejectment as a part of the action may recover for any improvements he has placed on the land (CL 1948, §§ 629.44, 629.45).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 19 Am Jur, Equity, § 453.
[3] 30 Am Jur, Judgments, § 172.
[5] 18 Am Jur, Ejectment, § 159; see generally, 27 Am Jur, Improvements.
[7] 19 Am Jur, Equity, § 101.

6. Liens—Improvements—Equity—Tax Law.
    Recovery for the value of improvements as provided for in
    the general property tax law by way of a lien in equity may
    be had only where there is no other provision made by law
    therefor (CL 1948, § 211.204).

7. Equity—Adequate Remedy at Law—Jurisdiction—Ejectment
    —Improvements.
    Where, in action of ejectment defendant therein had an ade-
    quate remedy at law to recover the value of improvements
    he had made upon property involved but failed to avail him-
    self of such remedy, equity will not take jurisdiction (CL
    1948, §§ 629.44, 629.45).

8. Appeal and Error—Questions Reviewable—Res Judicata.
    Supreme Court will not consider whether trial court might have
    dismissed bill of complaint on ground other than *res judicata*,
    where such basis. for decision was interposed.

Appeal from Sanilac; Stewart (Shirley), J., pre-
siding. Submitted October 4, 1949. (Docket No. 18,
Calendar No. 44,523.) Decided January 9, 1950.

Bill by John C. Corkins against Wellington W.
Ritter and Arthur B. Bonninghausen to establish a
lien on certain real property for value of improve-
ments. Bill dismissed on motion. Plaintiff appeals.
Affirmed.

*John C. Corkins*, for plaintiff.

*Charles W. Rigney*, for defendant.

Boyles, C. J.   Plaintiff filed a bill of complaint in
the circuit court for Sanilac county in chancery to
establish a lien on certain lands in said county for
the value of improvements made by him on said
lands, under the provisions of CL 1929, § 3497.* The
defendants moved to dismiss the bill of complaint

_____
* CL 1948, § 211.104 (Stat Ann § 7.158).

on the grounds that the right of the plaintiff to recover for said improvements had been adjudicated adversely to his claim, in *Ritter* v. *Corkins,* 319 Mich 484, and that the above statute on which the plaintiff relies does not apply. The trial court granted the motion and plaintiff appeals.

The above statute on which plaintiff bases his claim is a part of the general tax law of the State and reads as follows:

"If any person dispossessed of lands purchased in pursuance of the provisions of this act shall have made improvements thereon, he shall be entitled to recover what such improvements are worth, and shall have a lien on such lands therefor, and may enforce the same by bill in equity where no other provision is made by law."

Later in this opinion reference will again be made to the concluding provision in the above statute, "where no other provision is made by law."

The facts in the instant case are not inconsistent with those stated in *Ritter* v. *Corkins, supra.* In 1934, the plaintiff herein obtained a warranty deed of the lands in question from one Philip A. Horsch, who based his claim of title on certain tax deeds from the auditor general of the State under date of October 20, 1932, and duly recorded. Plaintiff went into possession and proceeded to erect a dwelling, garage and other buildings on the property and to make other improvements to the extent of $5,000 and upwards. In 1941, Ritter and Bonninghausen, who are defendants in the instant case, brought ejectment against the plaintiff herein, claiming that they were the owners of a title in fee simple to an undivided 6/7ths interest in said lands, and that the tax title of Philip A. Horsch, plaintiff's grantor, was fatally defective. On appeal in said ejectment case *(Ritter* v. *Corkins, supra),* we affirmed the

holding of the trial court that the title was in Ritter and Bonninghausen, that Corkins did not have title, and affirmed the judgment of ejectment. After having been defeated in that ejectment action and dispossessed of the lands, plaintiff Corkins brought the instant action in chancery to recover for said improvements made while he was in possession. Defendants in the instant case now rely on the judgment in the ejectment case, claiming that it is *res judicata* of plaintiff Corkins' right to recover for said improvements.

When the ejectment case came on for trial, Corkins moved to have the case transferred to the chancery side of the court, relying on PA 1939, No 52, which amended PA 1893, No 206 (CL 1929, § 3466 [Stat Ann § 7.119]).* The court announced that decision on the motion would be held in abeyance until the case was decided. During the trial Corkins testified at length as to the improvements he had made on the lands in question, and their value. In explanation of the court's liberality in admitting testimony, the court said:

"I understand the court will have to take the responsibility and weed it out after it gets your briefs. My mind is wide open as to whether this is a chancery case or a law case. I think it well to take the testimony."

In deciding the ejectment case the trial court denied Corkins' motion to transfer the case to the chancery court. In a written opinion the court held that PA 1939, No 52, did not apply, that any right Corkins might have had under the tax title of his grantor Horsch had been barred prior to the passage of PA 1939, No 52, and entered the statutory judgment for possession.

* CL 1948, § 211.73a (Stat Ann 1947 Cum Supp § 7.119).

Corkins, on his appeal from that judgment, claimed that the trial court erred in refusing to transfer the case to the chancery court, and that PA 1939, No 52, was applicable. On the appeal, the principal issue decided here was whether the tax deeds of his grantor Horsch on which Corkins relied for his title had been barred prior to the effective date of PA 1939, No 52. This Court upheld the decision that PA 1939, No 52, did not apply, and concluded that the trial court properly denied the motion to transfer.

In the case at bar a preliminary claim raised by appellant is that the defendants in the instant case could not raise the defense of *res judicata* by a motion to dismiss. We are not in accord with the claim.* In the ejectment case it was decided that *as a matter of law* Corkins could not recover for the improvements. Equity follows the law, *Bennos* v. *Waderlow,* 291 Mich 595, and as a rule will not permit that to be done by indirection which cannot be done directly, *Daley* v. *City of Melvindale,* 271 Mich 431.

In *City of Highland Park* v. *Royal Oak No. 7 Storm Sewer Drain District,* 309 Mich 646, a motion to dismiss the bill of complaint was granted, without the taking of testimony. The Court said:

"While, as a general rule, on a motion to dismiss allegations well pleaded must be assumed to be true, nevertheless when attention is called to *City of Highland Park* v. *Oakland County Drain Commissioner, supra* (300 Mich 501), involving the same subject matter before the same court, the decision in that case as far as it governs the facts alleged is final. There cannot be a rehearing under the guise of a new bill of complaint."

* Court Rule No 18, § 1(e) (1945).

The plaintiff in his bill of complaint refers to the prior judgment as the basis of his cause of action,— therefore the motion to dismiss was based upon the allegations of the bill, and is a proper way to raise the question. *Bocinski* v. *Krzeminski,* 253 Mich 48. But appellant claims that he has the right, notwithstanding the adverse decision in the ejectment case, to bring a separate action in equity to recover for any improvements he might have made to the premises during his occupancy. The statute governing the action of ejectment provides that by giving certain notices to the opposing party the defendant as part of the action may recover for any improvements he has placed on the land. CL 1948, §§ 629.44, 629.45 (Stat Ann §§ 27.1957, 27.1958). Plaintiff had an opportunity to avail himself of such a remedy. Instead, at the time of the prior action, he sought to have it transferred to the equity side of the court. In *Ritter* v. *Corkins, supra,* we held that the transfer was properly refused.

"Defendant in ejectment action who failed to file a claim for improvements made upon the premises involved, pursuant to provisions of statute, would not be entitled to a new trial because such allowance was not made when judgment was granted to plaintiff (CL 1929, §§ 13946, 13947)." *Taskey* v. *Paquette* (syllabus), 324 Mich 143.

If plaintiff could not have a new trial, it follows he could not bring a separate action in equity, as equity will not allow indirectly what may not be done directly. *Daley* v. *City of Melvindale, supra.* Furthermore, the statute under which plaintiff now claims relief provides for the determination of such improvements and enforcement thereof in equity "where no other provision is made by law." CL 1948, § 211.104 (Stat Ann § 7.158), *supra.* In the ejectment action the plaintiffs therein, defendants

herein, chose a remedy at law which gave the defendant therein, plaintiff herein, the opportunity to enforce his right to recover for improvements. Plaintiff had an adequate remedy at law. Equity will not take jurisdiction. *Gitchell* v. *National Bank of Detroit,* 292 Mich 586; *Michigan Bean Co.* v. *Burrell Engineering & Construction Co.,* 306 Mich 420.

In *Ritter* v. *Corkins, supra,* Mr. Justice BUTZEL, writing for the Court, said:

"Prior to the enactment of PA 1939, No 52, defendant Corkins had lost all interest in the property in question by virtue of the failure of himself and his grantor to serve a valid notice of reconveyance within 5 years after the purchase of the tax deed.

\* \* \*

"The trial court further held that defendant not having followed the statute in perfecting his tax title was not entitled to reimbursement for any improvements made upon the land. *Cook Land, Construction & Producing Co.* v. *McDonald,* 155 Mich 175; *McBride* v. *Closser,* 208 Mich 398; *Brousseau* v. *Conklin,* 301 Mich 241; *Adair* v. *Bonninghausen,* 305 Mich 137."

Corkins has had his day in court as to whether he could recover for the improvements and the decision was adverse. By now relying on a different statute, found in the general tax law, he now seeks to ignore the fact that he not only could, but apparently did, attempt to recover in the ejectment case for these improvements. His right to do so has been adjudicated.

It should be said here that in the case at bar we are not called upon to decide whether the plaintiff, in any event and without regard to the question of *res judicata,* could recover for the improvements, under the circumstances of the case. We need not consider here whether the trial court might have properly dismissed the bill of complaint, on another

ground.   See *Closser* v. *McBride,* 182 Mich 594; *McBride* v. *Closser,* 208 Mich 398.

Affirmed, with costs to appellees.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.