KIRKENDALL v HECKINGER

Docket No. 48967. Submitted February 9, 1981, at Lansing.—Decided April 22, 1981. Leave to appeal applied for.

Dennis and Barbara Kirkendall and Frank and Marcella Kirkendall brought an action to foreclose a mechanic's lien, for quantum meruit damages, or for specific performance of an agreement to convey certain real estate, against Carl Heckinger and Ila Heckinger. The parties had entered into an agreement that defendant Carl Heckinger would help Dennis Kirkendall build a house on property which Frank Kirkendall was buying on a land contract, pay the balance due on the land contract and the back taxes, and provide labor and materials for the house, and convey the property to Dennis Kirkendall when the house was finished in exchange for a disputed amount of money. Defendant Carl Heckinger brought a counterclaim for labor and materials which he had used in building the house. The Lenawee Circuit Court, Rex B. Martin, J., granted judgment for the plaintiffs which would give title to the property to Dennis Kirkendall upon repayment of the balance of the land contract and the back taxes with interest to the defendants. The trial court denied the counterclaim on the ground that Heckinger was precluded from seeking relief by the residential builders licensing act because he was an unlicensed building contractor. The Court of Appeals affirmed in an unpublished per curiam opinion (Docket No. 29947). The Supreme Court held that defendants were equitable mortgagees and entitled to reasonable expenditures for improvements to the property made with plaintiffs' consent as a condition to reconveyance and remanded. 403 Mich 371 (1978). After further hearing, the trial court granted defendants judgment in the amount of $20,000, Rex B. Martin, J. Plaintiffs' motion to amend or alter the judgment was denied. Plaintiffs appeal.
*Held:*

1. The trial court properly held that defendants were entitled to recover the cost of the improvements rather than the value added to the property as a result of the improvements. Those

REFERENCE FOR POINTS IN HEADNOTES
55 Am Jur 2d, Mortgages §§ 11, 827.

costs include the fair value of defendants' labor even though the labor provided was in violation of the residential builders licensing act.

2. The court did not err in calculating defendants' recovery on the basis of the cost of the improvements without regard to the terms of an earlier agreement of the parties.

3. The court erred in increasing its original calculation of the defendant's allowable recovery.

Affirmed as modified.

Mortgages — Equitable Mortgages — Remedies — Labor — Residential Builders Licensing Act — Statutes.

An equitable mortgagee who has caused improvements to be made on the property with the consent of the mortgagor is entitled to recover the cost of the improvements including the fair value of the mortgagee's labor expenses; this is true even where the labor furnished was in violation of the residential builders licensing act (MCL 338.1501 *et seq.;* MSA 18.86[101] *et seq.).*

*Dan R. Bruggeman, P.C.,* for plaintiffs.

*Thomas Rasmusson,* for defendants.

Before: Cynar, P.J., and J. H. Gillis and Allen, JJ.

Cynar, P.J. On November 22, 1974, plaintiffs filed an action seeking, in pertinent part, damages or specific performance of an agreement to convey certain property located in Lenawee County. Defendants counterclaimed on November 17, 1975, and sought recovery for the value of labor and materials used in the construction of a house located on this property. A bench trial was held in the Lenawee County Circuit Court in February of 1976, and specific performance was awarded to plaintiffs upon the payment of $1,558.12 to defendants. The trial court dismissed defendants' counterclaim, holding that Carl Heckinger, as an unlicensed building contractor, was precluded from

recovery under § 16 of the residential builders licensing act. MCL 338.1516; MSA 18.86(116). Judgment was affirmed by this Court in an unpublished per curiam opinion, but was subsequently reversed by the Supreme Court in *Kirkendall v Heckinger,* 403 Mich 371; 269 NW2d 184 (1978). The Supreme Court held that defendants, as equitable mortgagees, were entitled "as a condition to reconveyance to reasonable expenditures for improvements on the property. made with the [plaintiffs'] consent". *Id.,* 374. Pursuant to the reversal and remand ordered by the Supreme Court, further proceedings were held to determine this amount. Following hearings held April 17 and 18, 1979, the trial court ruled that defendants were entitled to recover $20,000. A judgment to that effect was filed on June 13, 1979.

On June 28, 1979, plaintiffs filed a motion to alter or amend judgment. This motion was denied by an order filed December 10, 1979, and plaintiffs appeal as of right.

Plaintiffs first argue that the court erred in awarding defendants $20,000 in compensation for improvements made on the property. They contend that the correct measure of defendants' recovery would be limited to the value added to the lot by the improvements rather than the cost of improvements and, further, that the trial court erred in considering the value of Carl Heckinger's labor and the costs of materials in determining the amount of recovery.

Accordingly, we must decide the correct measure of defendants' recovery. The remand order from the Michigan Supreme Court read in pertinent part:

"As the equitable mortgagee, Heckinger was entitled

as a condition to reconveyance to reasonable expenditures for improvements on the property made with the Kirkendalls' consent * * * while [Carl] Heckinger had [equitable] title to the property * * *.

"* * * [W]e reverse * * * and remand the case to the circuit court for a determination of the amount of reasonable expenditures the plaintiffs must pay the defendants on conveyance of the property for the improvements made with the consent of the Kirkendalls while the defendants had [equitable] title to the property." *Kirkendall v Heckinger, supra,* 374-375.

Thus, the Supreme Court held that the parties stood in a mortgagor-mortgagee relationship. Where improvements on property are made with the consent of a mortgagor (here plaintiffs-appellants) the mortgagee is allowed to recover the amount reasonably expended thereon. Accordingly, plaintiffs must pay the costs of the improvements and not simply the property's enhanced value. The policy behind this rule was explained in Osborne, Mortgages (2d ed), § 170, p 295, as follows:

"The amount to be allowed to the mortgagee for improvements depends upon the basis for allowing them at all. Where they are allowed because of consent by the mortgagor or in order to make or keep the property tenantable or productive, the amount reasonably expended is the criterion. Just as in the analogous case of necessary or authorized repairs. However, where the mortgagee acted under an honest belief that he was the owner, or that the redemption interest was barred or would never be exercised—a belief to which the mortgagor's conduct usually contributes—an entirely different principle is operative. Its purpose is the prevention of unjust enrichment due to justifiable misreliance because of mistake. Consequently the value added to the property by the improvements, not to exceed its actual cost is the proper measure of recovery and the one recognized by the courts in such case." (Footnotes omitted.)

See also *Buchta v Lehmann,* 263 Mich 41; 248 NW 542 (1933).

Since the correct measure of defendants' recovery would be the costs of the improvements rather than the value added to the property, it must be determined whether the trial judge's award of $20,000 was proper.

The trial court initially calculated the defendants' allowable recovery for constructing the subject house at $15,428.67. This included $8,000 for the value of defendant's labor and $1,372.79 for payments on the land contract and back taxes (the $1,372.79 figure was awarded at the first trial and was apparently affirmed by the Supreme Court). The court also deducted $1,600 which defendant received from renting the property after the house was completed in October of 1975. Simple interest at six percent was allowed from November 17, 1975, which was the date on which defendant filed his counterclaim. (It should be noted that the trial court inadvertently stated that interest would run from November 7, 1975, to May 7, 1979.) Moreover, it appears that the interest was calculated on an $18,000 figure, the figure the trial court set as the value added to the lot by defendants' effort, as the court awarded defendants $3,780 in interest for the three-and-a-half-year period noted above, which is exactly six percent per annum simple on an amount of $18,000, the interest apparently to be added to the figure of $15,428.67.

However, the court then increased its award to $20,000, reasoning that:

"We feel the $15,000.00 really is not a fair value in 1974-75 for the defendant's share of the improvements made to the lot by placing the house thereon. We would set the defendant's portion at $18,000.00 when the house was completed in 1975. We do believe Dennis Kirkendall worked on the house and paid some bills.

"Taking into consideration interest and the deduction for rental, we would say the plaintiffs up to May 1, 1979, should pay the defendant $20,000.00."

It is apparent from the lower court's opinion and its award of interest that the trial judge was attempting to compensate defendants for the value added to the lot by the improvements placed thereon. Such an award would not be appropriate under the facts of this case, and, even if the value added was a proper consideration, there was no competent evidence to support the court's conclusion that the value added was $18,000. Accordingly, we affirm the trial court's original determination that defendants' allowable recovery amounted to $15,428.67.[1]

Plaintiffs argue, however, that even if the court properly considered the costs of improvements in determining defendants' recovery, the court improperly allowed defendants to recover the fair value of Carl Heckinger's labor. We disagree.

The case was remanded by the Supreme Court for a determination of the amount of reasonable expenditures the plaintiffs must pay defendants. We conclude that the Supreme Court's directive would allow compensation for Heckinger's expenditure of his own time and effort, as well as for sums paid to others for their labor, the latter

---

[1] The interest amount to which defendants are entitled is determined by referring to MCL 600.6013(2); MSA 27A.6013(2), which presently provides:

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually."

This calculation should date from November 17, 1975, the date defendants filed their counterclaim, until the date judgment is satisfied.

clearly being allowed. Although the majority of American courts hold that a mortgagee (here an equitable mortgagee) cannot charge the mortgagor for labor performed by himself, the better view allows compensation for the reasonable value of such services. Osborne, Mortgages (2d ed), § 171, pp 296-297. Here, it would seem incongruous that Heckinger would be allowed to recover for amounts expended in employing others but would have no right to recover for his own services.

Plaintiffs, however, contend that defendants' recovery should not include the value of Heckinger's labor because his acts were done in violation of § 16 of the residential builders licensing act. This is without merit. The Supreme Court specifically held that the statute would not bar recovery in equity, at least in this case. The circuit court was ordered to "determine the amount of reasonable expenditures plaintiffs must pay" for improvements made on the property with their consent. The directive did not preclude the trial court from awarding defendants the fair value of Heckinger's labor. Plaintiffs further argue that the award ordered was equitable in nature and correctly note that "equity will not generally allow that to be done indirectly which because of public policy, cannot be done directly". *Corkins v Ritter,* 326 Mich 563; 40 NW2d 726 (1950), *Daley v City of Melvindale,* 271 Mich 431; 260 NW 898 (1935). They contend that to allow defendant to recover the value of his labor would be contrary to the legislative policy expressed in the residential builders act. We disagree. While equity generally follows the law, it does not do so slavishly. *Spoon-Shacket Co, Inc v Oakland County,* 356 Mich 151; 97 NW2d 25 (1959), *Green v Ingersoll,* 89 Mich App 228, 236-237; 280 NW2d 496 (1979). The pur-

pose of the residential builders licensing act is to protect homeowners "from incompetent, inexperienced, and fly-by-night contractors". *Alexander v Neal,* 364 Mich 485, 487; 110 NW2d 797 (1961). This policy was not vitiated in the instant case by allowing defendant to recover the value of his labor. Here, plaintiffs were fully aware of the fact that Heckinger was an unlicensed contractor when they entered into the agreement. In fact, Dennis Kirkendall took out the building permit because Heckinger, as an unlicensed contractor, could not be issued one.[2] Further, Heckinger was not inexperienced in the building trade and had been a building contractor for 25 years prior to his retirement in 1970. Under these circumstances, we conclude that the court properly allowed recovery for defendant's labor. It should be noted that the court acknowledged that Heckinger's performance was not "100 percent perfect" and decreased defendants' recovery accordingly.

Alternatively, plaintiffs argue that even if the court properly considered the value of Carl Heckinger's labor in calculating defendants' recovery, the court failed to make adequate findings of fact in support of its conclusion that the fair value of defendant's labor was $8,000 as required under GCR 1963, 517.1. We disagree.

The purpose of findings of fact required by GCR 517.1 is to facilitate appellate review by revealing the law applied by the trial court in reaching its decision. *Telegraph-Lone Pine Venture Co v Bloomfield Twp,* 85 Mich App 560, 563; 272 NW2d 136 (1978), *modified on other grounds* 406 Mich 948; 277 NW2d 643 (1979). In the case at bar, the

[2] Query whether plaintiffs were *in pari delicto* with defendants in violating § 16 of the residential builders licensing act, or at least *in delicto.* See *State ex rel v Holston Trust Co,* 168 Tenn 546; 79 SW2d 1012 (1935).

court specifically identified the factors it considered in calculating the value of defendant's labor. Thus, the trial judge first considered defendant's own testimony regarding his hours and the value of his services. This was competent evidence. It is well settled that a witness may testify to the value of his services according to the "going wages" at the time. *Fowler v Fowler,* 111 Mich 676; 70 NW 336 (1897), *Duma v Janni,* 26 Mich App 445, 452; 182 NW2d 596 (1970). Here, defendant testified that he charged $8 per hour which was "below carpenter scale" and also claimed 1,734 hours worked on the entire project. The court weighed this testimony with that of Wayne A. Griewahn, "a good contractor", who claimed his crew could have completed the project in 1,300 hours. Noting that the completed project was not 100 percent perfect and that defendant's hours might have been inflated, in part because some of the hours claimed were for work performed before title to the property passed to defendant, the court awarded $8,000 for labor. The court was not convinced that defendant was worth $8 an hour. The $8,000 was clearly within the range of testimony and, after reviewing the record, we are not left with the definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976). Plaintiffs argue that the court erred in failing to determine the reasonable value of defendant's labor on the basis of industry standards under similar circumstances. In support of this contention they cite *Rockwell & Bond, Inc v Flying Dutchman, Inc,* 74 Mich App 1, 9; 253 NW2d 368 (1977), where this Court held that the trial judge erred in failing to make findings in that regard. However, in *Rockwell, supra,* extensive testimony had been presented on the general practice in the industry

by both parties. In the instant case, what little testimony was presented in that regard was, in fact, considered by the trial judge in determining the value of defendant's labor.

Finally, plaintiffs argue that the court erred in failing to determine the terms of the agreement entered into between the parties. Specifically, they argue that defendants should not be allowed to recover any more than what they would have been allowed under the terms of the contract. We disagree.

It should be noted that the court did, in fact, determine the terms of the agreement in its opinion following the first trial. Those findings were specifically incorporated as part of its opinion following the subsequent trial. Further, the court was ordered by the Supreme Court to make an *equitable* determination, apart from any purported contract, of the amount plaintiffs were required to pay for improvements made upon the lot. We hold that such determination would rest within the sound discretion of the trial judge without regard to the parties' prior agreement. Accordingly, we conclude that the court did not err in failing to calculate defendants' recovery in terms of the earlier agreement.

We have reviewed plaintiffs' additional claims of error and find them to be without merit.

The judgment of the trial court is affirmed as modified hereinabove. No costs are awarded, neither party prevailing in full.