BERNARD F HOSTE, INC v KORTZ

Docket No. 56456. Submitted April 21, 1982, at Detroit.—Decided June 23, 1982.

Plaintiff, Bernard F. Hoste, Inc., entered into a contract to remodel a home owned by defendants Frederick W. and Evelyn M. Kortz. Plaintiff was refused a building permit because it did not have a valid residential builder's license, so the permit was obtained by Henry A. Birko Construction Co., Inc., and both plaintiff and Birko performed the work. Subsequently Birko and plaintiff brought an action against defendants for recovery of an unpaid portion of the cost of the remodeling work. The Macomb Circuit Court, Kenneth N. Sanborn, J., granted summary judgment dismissing plaintiff's claim on the basis that, pursuant to the residential builder's act, plaintiff was barred from maintaining an action against defendants because plaintiff did not possess a valid residential builder's license at the time the contract was made and performed. The claim of Birko was eventually settled. Plaintiff appeals by leave granted. *Held:*

1. Plaintiff's assertion that it was in compliance with the residential builder's act, because Bernard F. Hoste, individually, had submitted a proper request to renew his license which application was pending at the time of the contract, is without merit. Bernard Hoste, Inc., cannot be considered the same entity for licensing purposes. Furthermore, information requested by the Department of Licensing and Regulation in order to process the application was not submitted by Hoste until after the work on defendant's home was completed.

2. Plaintiff was not in substantial compliance with the act, the first requirement for a finding of substantial compliance being the possession of a valid license at the time of execution of the contract.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 51 Am Jur 2d, Licenses and Permits § 64.
  Failure of artisan or construction contractor to procure occupational or business license or permit as affecting validity or enforceability of contract. 82 ALR2d 1429.
[2] 51 Am Jur 2d, Licenses and Permits § 42.

1. LICENSES — RESIDENTIAL BUILDERS — STATUTES.

No person engaged in the business of a residential builder or residential maintenance and alteration contractor may bring suit under a residential construction or alteration contract without alleging and proving that he was duly licensed during the performance of the contract (MCL 339.2412; MSA 18.425[2412], formerly MCL 338.1516; MSA 18.86[116]).

2. LICENSES — RESIDENTIAL BUILDERS — CORPORATIONS.

An individual who is a licensed residential builder cannot be considered for licensing purposes to be the same entity as a corporation formed by the individual which has not been issued a license.

3. LICENSES — RESIDENTIAL BUILDERS — SUBSTANTIAL COMPLIANCE — STATUTES.

A residential builder who substantially complies with the licensing requirements of the residential builders act is not precluded from maintaining an action which would otherwise be barred by the act; one of the criteria for "substantial compliance" is that the builder possess a valid license at the time the construction contract at issue is executed (MCL 339.2401 *et seq.;* MSA 18.425[2401] *et seq.,* formerly MCL 338.1501 *et seq.;* MSA 18.86[101] *et seq.).*

*Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *John A. Lydick),* for plaintiff.

*Van De Graaf & Van De Graaf, P.C.,* for defendants.

Before: BRONSON, P.J., and D. F. WALSH and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff, Bernard F. Hoste, Inc., appeals by leave granted from an order entered in the Macomb County Circuit Court granting defendants' motion for accelerated judgment. GCR 1963, 116.1(3).

On April 26, 1976, plaintiff entered into an oral contract to remodel defendants' home in St. Clair Shores. On May 17, 1976, plaintiff applied for a

* Circuit judge, sitting on the Court of Appeals by assignment.

building permit to the City of St. Clair Shores. The city refused to issue the permit because plaintiff did not have a valid residential builder's license. Thereafter, coplaintiff, Henry A. Birko Construction Co., Inc., applied for and received a building permit. Pursuant to the oral contract, remodeling work on defendants' home was performed by plaintiff and coplaintiff beginning May 25, 1976, and extending into November, 1976.

On September 28, 1977, plaintiff and coplaintiff filed suit against defendants alleging, *inter alia,* that defendants had refused to pay $21,136.27 due under the oral contract. Defendants moved for accelerated judgment, or in the alternative, summary judgment, on September 21, 1978. Defendants argued, in part, that plaintiff was barred from maintaining an action based on the oral contract because, at the time the contract was made and performed, plaintiff failed to have a valid residential builder's license as required by the residential builder's act, MCL 338.1501 *et seq.;* MSA 18.86(101) *et seq.* (subsequently repealed and replaced by MCL 339.2401 *et seq.;* MSA 18.425[2401] *et seq.).* The trial court agreed and entered an order dismissing plaintiff's claim against defendants with prejudice. The coplaintiff's case was remanded to a district court and, thereafter, defendants reached a settlement with the coplaintiff.

The residential builder's act provides that no person engaged in the business of a residential builder or residential maintenance and alteration contractor may bring suit under a residential construction or alteration contract without alleging and proving that such person was duly licensed during the performance of the contract. MCL 338.1516; MSA 18.86(116), now MCL 339.2412;

MSA 18.425(2412). The effect of this provision is to preclude noncomplying contractors from recovering on their residential building or alteration contracts even where the contract has been complied with in all respects. The courts of this state have consistently upheld this harsh penalty for noncompliance with the residential builder's act. See, *e.g., Alexander v Neal,* 364 Mich 485; 110 NW2d 797 (1961), *Green v Ingersoll,* 89 Mich App 228, 235; 280 NW2d 496 (1979).

Plaintiff first asserts that it was in compliance with the residential builder's act. It is argued that because Bernard Hoste, individually, submitted a proper request to renew his residential builder's license some one month before his old license expired and, since the Department of Licensing and Regulation never rejected this renewal request, Bernard Hoste, Inc., was granted permission to operate without a license until March 28, 1977, when the corporate license was finally issued, citing MCL 338.1508; MSA 18.86(108), now MCL 339.2409; MSA 18.425(2409). We disagree.

In making this argument, plaintiff confuses Bernard F. Hoste, Inc., with Bernard Hoste the individual. Although Bernard Hoste was a licensed residential builder as an individual prior to March 31, 1975, plaintiff was *never* a licensed residential builder prior to March 28, 1977. Indeed, the reason why Bernard Hoste's license renewal application was not processed by the Department of Licensing and Regulation was because Hoste was applying for a corporate license and had failed to fill out a new aplication form or to provide the necessary additional information concerning his corporation. Bernard Hoste and plaintiff cannot be considered the same entity for licensing purposes. Therefore, plaintiff was not entitled to operate without a license during this period.

Assuming, *arguendo,* that Bernard Hoste and Bernard Hoste, Inc., can be considered the same entity for purposes of the licensing act, plaintiff still cannot be said to have had a valid renewal application pending during the making and performance of the contract. The proofs showed that Bernard Hoste submitted a renewal application on February 22, 1975. By letter dated May 2, 1975, the Department of Licensing and Regulation informed Hoste that a new application and additional corporate information were necessary before plaintiff could be licensed. Bernard Hoste did not submit a new application and the additional information until February 10, 1977, more than 21 months after he had been notified that it was necessary. The pertinent provision of the residential builder's act required, and still requires, all applications for license renewals to be in "proper form" and to constitute a "proper submission" to extend to the applicant permission to operate pending the issuance or rejection of the license. As Hoste did not supply the new application or the additional information for over 21 months after he was informed that such materials were necessary, and further, for over 4 months after the contract was completed, plaintiff did not have a properly submitted renewal application pending during the making and performance of the contract at issue. Therefore, the statute did not operate to grant plaintiff permission to operate without a license.

Plaintiff argues in the alternative that it has substantially complied with the requirements of the act, citing *Michigan Roofing & Sheet Metal, Inc v Dufty Road Properties,* 90 Mich App 732, 735-736; 282 NW2d 809 (1979).[1] There, this Court

[1] Vacated and remanded to the Michigan Court of Appeals, 409 Mich 887; 295 NW2d 230 (1980). Substantial compliance doctrine reaffirmed on remand, 100 Mich App 577, 581; 298 NW2d 923 (1980), *lv den* 412 Mich 872 (1981).

held that a residential builder who substantially complies with the licensing requirements of the residential builder's act is not precluded from maintaining an action which would otherwise be barred by the act. In *Michigan Roofing,* the residential builder involved served as general contractor on a construction project extending over 40 months, during which time it was unlicensed for a total of 13 days. Moreover, the contractor in *Michigan Roofing* did not formally execute the construction contract until after it had obtained a residential builder's license. The panel of the Court which decided *Michigan Roofing* cited the criteria set forth in *Latipac, Inc v Superior Court of Marin County,* 64 Cal 2d 278; 49 Cal Rptr 676; 411 P2d 564 (1966), for deciding whether there has been "substantial compliance". The first of these criteria is that the builder possess a valid license at the time the construction contract is executed.

In the case at bar, plaintiff was not licensed at the time the oral contract was executed. Furthermore, plaintiff operated as an unlicensed builder for a substantial period of time before the license was issued. Under these circumstances plaintiff cannot be considered to have been in substantial compliance with the licensing requirements of the residential builder's act. Therefore, plaintiff's failure to have a valid license during the making and performance of the oral contract precludes plaintiff from maintaining an action based on the contract against defendants. Accordingly, the lower court's grant of accelerated judgment in favor of defendants was proper.

Affirmed. Defendants-appellees may tax costs.