SUPERIOR AMERICAN HOMES v FRY

Docket No. 65233. Submitted May 18, 1983, at Marquette.—Decided November 8, 1983.

Superior American Homes, a Wisconsin corporation, and Sanford's Real Estate Agency brought an action in the Menominee Circuit Court against Vernon Fry to recover the contract price of a premanufactured home built by Superior and sold to Fry by Sanford Peterson, doing business as Sanford's Real Estate Agency. The jury found that the selling .agent of the home in question was Sanford's Real Estate Agency, New Homes Division, a partnership, and not Sanford Peterson, an individual doing business as Sanford's Real Estate Agency. Sanford Peterson was the holder of a residential builder's license but the partnership and the other partners were not. The court declined to direct a verdict for defendant for failure to comply with the residential builders act. The court, Russell W. Bradley, J., granted a judgment for plaintiffs on their claim and for defendant on his counterclaim. Defendant appealed. *Held:*

A partnership which is subject to the residential builders act is not in substantial compliance where only one partner is licensed in his individual capacity. Such a partnership may not maintain an action for compensation under any contract for which a license is required under the act.

Reversed.

CYNAR, P.J., dissented. He would hold that there was substantial compliance in this case and would affirm.

OPINION OF THE COURT

1. LICENSES — RESIDENTIAL BUILDERS — PARTNERSHIPS — SUBSTANTIAL COMPLIANCE.

A partnership is not in substantial compliance with the residential builders act where only one partner is .licensed in his individual capacity; such a partnership may not maintain an action for compensation under any contract for which a license is required under the act (MCL 338.1516; MSA 18.86[116]).

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 13 Am Jur 2d, Building and Construction Contracts §§ 130, 131.

2. LICENSES — RESIDENTIAL BUILDERS — PARTNERSHIPS — SUBSTAN-
   TIAL COMPLIANCE.

> *A partnership is in substantial compliance with the residential*
> *builders act where only one partner is licensed in his individual*
> *capacity and such a partnership may maintain an action for*
> *compensation under any contract for which a license is re-*
> *quired under the act (MCL 338.1516; MSA 18.886[116]).*

*Roy T. Traynor* and *Joel L. Massie* for plaintiff.

*Doyle, Ladd, Philipps & Justin, P.C.* (by *Thomas A. Ladd),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. Defendant appeals as of right from a jury verdict awarding plaintiffs $21,000.

Plaintiffs originally brought this action to recover the contract price of a premanufactured home built by plaintiff Superior American Homes and sold through Superior's agent, Sanford Peterson, doing business as plaintiff Sanford's Real Estate Agency. Defendant counterclaimed, alleging, *inter alia,* defective construction, misrepresentation, fraud and breach of warranty. Plaintiffs do not appeal the jury award of $6,320 to defendant on this counterclaim.

On appeal, defendant argues that the trial court erred by failing to direct a verdict in defendant's favor after the jury found that the selling agent of the home in question was Sanford's Real Estate Agency, New Homes Division, a partnership, and not Sanford Peterson, an individual doing business as Sanford's Real Estate Agency. The trial court ruled that the licensing of one partner in his individual capacity was "substantial compliance" with the requirements of the residential builders

act then in effect, MCL 338.1501 *et seq.;* MSA 18.86(101) *et seq.*

The residential builders act required that any individual, firm or partnership which engaged in the construction of residential structures must be licensed, MCL 338.1501, 338.1502; MSA 18.86(101), 18.86(102), with one penalty being that a person engaged in the business of a residential builder without a license may not "bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required". MCL 338.1516; MSA 18.86(116).

In the instant case, plaintiff Superior American Homes was not licensed in this state. Sanford's Real Estate Agency, New Homes Division, the agent of Superior American, was not licensed as a partnership, although Sanford Peterson, individually, was licensed. Contrary to the trial court's ruling, there was no substantial compliance on the part of the plaintiffs with the act. See *Bernard F Hoste, Inc v Kortz,* 117 Mich App 448; 324 NW2d 46 (1982). The jury award to plaintiffs of $21,000 is, therefore, reversed.

Our disposition of defendant's first issue makes it unnecessary to address defendant's second issue on appeal.

Reversed.


CYNAR, P.J. *(dissenting).* I must respectfully dissent from the majority in this case. The residential builders act was enacted to protect homeowners from incompetent, inexperienced, and fly-by-night contractors. *Alexander v Neal,* 364 Mich 485, 487; 110 NW2d 797 (1961). See also *Kirkendall v Heckinger,* 105 Mich App 621; 307 NW2d 699 (1981), *lv den* 413 Mich 859 (1982). It was not enacted to

afford a substantial windfall to a buyer who seeks avoidance to pay an unwary builder by claiming the benefit, but unexpectedly using the residential builders act as a shield, declaring in effect "I gotcha". The wisdom of the legislature cannot be questioned. The residential builders act has and continues to protect the public against the unscrupulous builder or contractor. However a buyer should not be a beneficiary of a windfall under a guise not intended by the legislation. In my opinion *Bernard F Hoste, Inc v Kortz,* 117 Mich App 448; 324 NW2d 46 (1982), was erroneously decided.

In *Michigan Roofing & Sheet Metal, Inc v Dufty Road Properties,* 90 Mich App 732; 282 NW2d 809 (1979), *vacated on other grounds,* 409 Mich 887 (1980), this Court adopted the test of substantial compliance and stated:

"In so holding, we adopt the California test of substantial compliance.

"Although plaintiff thus failed literally to conform to the commands of section 7031 of the Business and Professions Code, the courts of this state have not insisted upon such strict observance if it would transform the statute into an 'unwarranted shield for the avoidance of a just obligation.'" *Michigan Roofing, supra,* pp 735-736, quoting *Latipac, Inc v Superior Court of Marin County,* 64 Cal 2d 278, 281; 49 Cal Rptr 676; 411 P2d 564 (1966).

In my opinion, under the facts herein, there was substantial compliance. I would affirm.