## CHILSON v. CLEVENGER.

1. CONTRACTS—BUILDING CONTRACTORS—REQUIREMENT OF LICENSE.
   No person engaged in the business of a residential building or
   alteration contractor may bring or maintain an action for
   the collection of compensation for the performance of any
   act or contract for which a license is required without alleging
   and proving that he was duly licensed at all times during
   such performance (PA 1965, No 383, §§ 1, 16).

2. SAME—UNLICENSED BUILDING CONTRACTORS—RIGHT TO MAINTAIN
   AN ACTION.

   The statutory prohibition on actions to collect compensation by
   unlicensed building contractors extends to actions for reason-
   able value of materials and services as well as to actions on
   an express contract (PA 1965, No 383, §§ 1, 16).

3. SAME—UNLICENSED BUILDING CONTRACTORS—RIGHT TO MAINTAIN
   ACTION.

   Statute requiring residential building and alteration contractors
   to be licensed and forbidding actions to recover compensation
   for services rendered while unlicensed is not constitutionally
   defective (PA 1965, No 383).

Appeal from Genesee, Freeman (Donald R.), J.
Submitted Division 2 February 29, 1968, at Lansing.
(Docket No. 3,675.)    Decided June 25, 1968.

Complaint by Emanuel Roy Chilson and Donald
J. Chilson against Dick D. Clevenger and Donna
Clevenger, his wife, to recover the unpaid value of

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 13 Am Jur 2d, Building and Construction Contracts §§ 108,
      130, 131.

materials and services expended in performing a contract to build a house. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Cline & Cline,* for plaintiffs.

*Dale A. Riker,* for defendants.

J. H. Gillis, J. Plaintiffs, building contractors, agreed to and undertook the construction of a residence for defendants. The parties had a falling out and broke off dealings before the house was completed. Plaintiffs brought this action to recover for the value of their materials and services over and above the amount defendants already paid on the contract. Prior to filing their answer, defendants moved for accelerated judgment (GCR 1963, 116.1) on the theory that plaintiffs were not licensed as residential builders and, therefore, under the terms of the residential building contractors' act, were precluded from bringing an action, PA 1965, No 383, § 16 (MCLA, §§ 338.1516, Stat Ann 1968 Cum Supp § 18.86[116]). The trial judge granted judgment for the defendants and this appeal followed.

Plaintiffs challenge the trial court's ruling on the theories that (1) plaintiffs are not within the statute because they sue for the reasonable value of their materials and services and not upon an express contract, and (2) that the statute is constitutionally defective in denying equal protection of the laws and in bearing no reasonable relation to the public health, safety or welfare.

These challenges are answered by looking to the terms of section 16 of the act[1] and by our decision

---

[1] Section 16 provides in pertinent portion: "No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor *may bring or maintain any action in any court of this state for the collection*

in *Tracer* v. *Bushre* (1966), 3 Mich App 494,[2] citing in particular *Alexander* v. *Neal* (1961), 364 Mich 485.

Affirmed. Costs to appellees.

McGregor, P. J., and A. C. Miller, J., concurred.

---

*of compensation for the performance of any act or contract for which a license is required by this act* without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract." (Emphasis supplied.)
  [2] Affirmed, 381 Mich 282.