KIRKENDALL v HECKINGER

Docket No. 60364. Decided August 31, 1978. On application by defendants for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgments of the trial court and Court of Appeals and remanded to the trial court for further proceedings.

Dennis and Barbara Kirkendall, and Frank and Marcella Kirkendall brought an action to foreclose a mechanic's lien, for *quantum meruit* damages, or for specific performance of an agreement to convey certain real estate, against Carl Heckinger and Ila Heckinger. The parties had entered into an agreement that defendant Carl Heckinger would help Dennis Kirkendall build a house on property which Frank Kirkendall was buying on a land contract, pay the balance due on the land contract and the back taxes, and provide labor and materials for the house, and convey the property to Dennis Kirkendall when the house was finished in exchange for a disputed amount of money. Defendant Carl Heckinger brought a counterclaim for labor and materials which he had used in building the house. The Lenawee Circuit Court, Rex B. Martin, J., granted judgment for the plaintiffs which would give title to the property to Dennis Kirkendall upon repayment of the balance of the land contract and back taxes with interest to the defendants. The trial court denied the counterclaim on the ground that Heckinger was precluded from seeking relief by the residential builders licensing act because he was an unlicensed building contractor. The Court of Appeals, D. F. Walsh, P.J., and Quinn and Stair, JJ., affirmed in an unpublished per curiam opinion (Docket No. 29947). Defendants apply for leave to appeal. *Held:*

The prohibition of the residential builders licensing act is a penalty that divests the unlicensed builder of the power to sue. The "penalty" on unlicensed builders applies when they seek to collect damages as plaintiffs or as counterclaimants, and the trial court properly dismissed the counterclaim. However, this provision of the residential builders licensing act is not a bar to relief in this equitable action. The trial court correctly concluded that the conveyance to Heckinger, while absolute on its

face, constituted a mortgage. As the equitable mortgagee, Heckinger was entitled as a condition of reconveyance to reasonable expenditures for improvements on the property made with the consent of the plaintiffs while he had title to the property.

The judgments of the circuit court and the Court of Appeals are reversed and the case is remanded to the circuit court for further proceedings.

*Dan R. Bruggeman* for plaintiffs.

*Thomas Rasmusson* for defendants.

PER CURIAM. The question before us is whether in an action brought by plaintiffs for equitable relief, § 16 of the residential builders licensing act[1] precludes defendants from obtaining relief in the form of reasonable expenditures for improvement made with the consent of the plaintiffs while defendants had title to the property.

Frank Kirkendall purchased a lot in Lenawee County in August 1973 and planned to build a home on the land for his son Dennis. Kirkendall owed $1250 on the land at the time he approached defendant Carl Heckinger to construct a house. Heckinger agreed to pay off the land contract and back taxes and to provide labor and materials toward constructing the home in exchange for a disputed amount of money. The property was conveyed to Heckinger; he built the house with the aid of Dennis Kirkendall. When time came to convey the property to Dennis Kirkendall a dispute arose as to how much was owed to Heckinger. The Kirkendalls filed suit on November 22, 1974 requesting equitable relief in the form of either a conveyance of the property provided they paid $9,250 to Heckinger or in the alternative a money award of over $7,000 bottomed on a theory of unjust enrichment. Mr. Heckinger filed a counter-

_____
[1] MCLA 338.1516; MSA 18.86(116).

claim seeking a specified money amount which included the alleged value of labor and materials Heckinger spent in constructing the home.

On April 15, 1976 the trial court issued an opinion holding that legal title to the property should go to Dennis Kirkendall on payment of approximately $1500 to Mr. Heckinger as reimbursement for paying off the land contract and back taxes with interest.

The court correctly concluded that the conveyance from Kirkendall to Heckinger while absolute on its face constituted a mortgage. *Mintz v Soule,* 182 Mich 564, 571; 148 NW 769 (1914). However, it dismissed the counterclaim of Mr. Heckinger theorizing that as an unlicensed building contractor he was precluded under § 16 of the residential builders licensing act from seeking relief. That section reads in pertinent part:

"No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract". MCLA 338.1516; MSA 18.86(116).

On June 17, 1976 the trial court denied defendants' motion for a new trial. The decision was affirmed by the Court of Appeals on July 13, 1977. We reverse.

The above section "defines a class of plaintiffs— residential builders—and prohibits them from bringing or maintaining 'any action in any court of this state' unless they have a residential build-

ers license. The prohibition is * * * a penalty that divests the unlicensed builder of the power to sue". *Charles Featherly Construction Co v Property Development Group, Inc,* 400 Mich 198, 203; 253 NW2d 643 (1977).

Heckinger, whether a plaintiff or as here a counterclaimant, could not seek a money judgment against the Kirkendalls because of the statute. The trial court was consequently correct in dismissing the counterclaim.

That does not end our inquiry, however.

"It is a cardinal principle that equity will not aid a party in doing that which is not equitable. He who seeks equity must be prepared to do equity." *Goodenow v Curtis,* 33 Mich 505, 509 (1876).

See, also, *Bonninghausen v Hansen,* 305 Mich 595; 9 NW2d 856 (1943).

The plaintiffs sought an equitable remedy. Before ordering the conveyance to Dennis Kirkendall, the trial court was obliged to determine the amount the plaintiffs were required to pay the defendants in order to do equity. As the equitable mortgagee, Heckinger was entitled as a condition to reconveyance to reasonable expenditures for improvements on the property made with the Kirkendalls' consent (and in fact with Dennis Kirkendall's active participation) while Heckinger had title to the property. Osborne, Mortgages, §§ 169-170; 4 Pomeroy's Equity Jurisprudence (5th ed), § 1217.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgments of the circuit court and Court of Appeals and remand the case to the circuit court for a determination of the amount of reasonable expenditures the plaintiffs must pay the defendants on conveyance of the

property for the improvements made with the consent of the Kirkendalls while the defendants had title to the property.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.