PARKER v McQUADE PLUMBING & HEATING, INC

Docket No. 58196. Submitted December 13, 1982, at Detroit.—Decided January 25, 1983.

> The plaintiff, Anne C. Parker, in 41A District Court sued the defendant, McQuade Plumbing & Heating, Inc., for breach of contract for improper installation of a boiler. The defendant company was not a licensed plumbing contractor, but the principal operator of the company, Arthur McQuade, was a licensed master plumber. Mr. McQuade is not a party to this suit. The plaintiff moved during trial for summary judgment, arguing that she was entitled to relief as a matter of law because the defendant was unlicensed. The trial court granted judgment for the plaintiff. Defendant appealed and the Macomb Circuit Court, Frank E. Jeannette, J., affirmed. Defendant appealed by leave granted. *Held:*
>
> The statute requiring a building contractor to allege and prove that at all material times he was licensed in order to maintain an action for compensation for any act or contract for which a license is required does not require him to allege and prove that he was licensed in order to defend a suit against him.
>
> Reversed.

LICENSES — BUILDING CONTRACTS — ACTIONS — STATUTES.

> The statute requiring a building contractor to allege and prove that at all material times he was licensed in order to maintain an action for compensation for any act or contract for which a license is required does not require him to allege and prove that he was licensed in order to defend a suit against him (MCL 338.1516; MSA 18.86[116]).

*McLean & Mijak* (by *Edward J. Mijak*), for plaintiff.

---

REFERENCES FOR POINTS IN HEADNOTE

13 Am Jur 2d, Building and Construction Contracts § 2.

51 Am Jur 2d, Licenses and Permits § 65.

Failure of artisian or construction contractor to procure occupational or business license or permit as affecting validity or enforceability of contract. 82 ALR2d 1429.

*Kistner, Schienke, Staugaard & Dettloff, P.C.* (by *Gary R. Dettloff),* for defendant.

Before: CYNAR, P.J., and N. J. KAUFMAN and MacKENZIE, JJ.

PER CURIAM. The defendant appeals from a summary judgment granted by the 41A District Court and affirmed by the Macomb County Circuit Court. The plaintiff, Anne C. Parker, sued the defendant, McQuade Plumbing & Heating, Inc., for breach of contract for improper installation of a boiler. The defendant company was not a licensed plumbing contractor, but the principal operator of the company, Arthur McQuade, was a licensed master plumber. Mr. McQuade is not a party to this suit. The plaintiff moved during trial for summary judgment, arguing that she was entitled to relief as a matter of law because the defendant was unlicensed. The trial court agreed that MCL 338.1516; MSA 18.86(116) applied and granted judgment for the plaintiff.

We disagree that the statute entitled the plaintiff to summary judgment. That section stated:[1]

"No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract: Provided, however, That nothing herein contained shall be construed to defeat the right of a mechanic's lien on the part of any person

---

[1] That section was repealed by 1980 PA 299, § 2601, effective October 21, 1980. It was replaced by MCL 339.2412; MSA 18.425(2412).

who in good faith sells materials or performs labor for such residential builder and/or residential maintenance and alteration contractor."

By its terms the statute prevents an unlicensed contractor from suing to collect on the contract. *Chilson v Clevenger,* 12 Mich App 56; 162 NW2d 303 (1968). An unlicensed contractor also cannot collect on a counterclaim, although equitable principles may demand an offset for the value of services rendered by the contractor. *Kirkendall v Heckinger,* 403 Mich 371; 269 NW2d 184 (1978). But the statute nowhere prohibits an unlicensed contractor from defending a breach of contract suit on its merits. The statute removes an unlicensed contractor's power to *sue,* not the power to defend. It was intended to protect the public as a shield, not a sword.

Reversed.