REPUBLIC BANK v MODULAR ONE LLC

Docket No. 203358. Submitted June 2, 1998, at Detroit. Decided November 3, 1998, at 9:10 A.M.

Republic Bank brought an action in the Genesee Circuit Court against Modular One LLC and Eric Adams, seeking to quiet title to eight residential lots that the plaintiff had purchased at a foreclosure sale. Modular One, even though it did not have a residential builder's license, had improved each of the lots with the installation of a modular home and had filed a construction lien with respect to each property before the properties had been foreclosed and sold to the plaintiff. The plaintiff sought the discharge of each of the liens and moved for summary disposition with respect to Modular One, contending that the liens were unenforceable because the lack of a residential builder's license barred Modular One from enforcing the liens and because the inclusion of nonlienable items in the lien amount invalidated the liens. Modular One argued that the plaintiff lacked standing to challenge the liens and that the former owners of the properties had waived the statutory licensing requirement. The court, Judith A. Fullerton, J., granted summary disposition for the plaintiff, holding that the plaintiff had standing to challenge the liens and that the liens were unenforceable because Modular One did not have a residential builder's license. Modular One appealed.

The Court of Appeals *held*:

1. Because its purchase of the properties at foreclosure vested in the plaintiff title to the properties, the plaintiff had standing to bring an action pursuant to the provisions of MCL 600.2932(1); MSA 27A.2932(1) to quiet its title by challenging the validity of the construction liens that clouded its title to the properties.

2. MCL 339.2412; MSA 18.425(2412) provides that a person may not maintain an action for collection of compensation for the performance of an act or contract for which a residential builder's license is required without first alleging and proving that the person performing the work had a residential builder's license during the performance of the act or contract. The act thus prohibits an unlicensed contractor from suing to collect a money judgment for work for which a residential builder's license is required or from

seeking a money judgment by means of a counterclaim for such work. However, § 2412 does not prohibit an unlicensed contractor from defending on the merits a suit brought for breach of contract.

3. Although Modular One could not maintain an action to enforce its lien by virtue of the statutory bar of § 2412, it could, in response to the plaintiff's suit seeking the equitable remedy of an order quieting title, demand that the plaintiff be prepared to do equity by providing compensation to Modular One for the improvements made to the properties the plaintiff now holds. Accordingly, the trial court, before granting the plaintiff the equitable relief that it sought, should have determined whether equity required that the plaintiff provide compensation to Modular One for the improvements that it made to the properties.

Reversed and remanded.

EQUITY — LICENSES — RESIDENTIAL BUILDER'S LICENSING ACT — EQUITABLE CLAIMS — CONTRACTORS' LIENS.

The provision of the residential builder's licensing act that prevents an unlicensed builder from bringing suit for a money judgment does not bar such a builder from seeking that a plaintiff that has brought an equitable action do equity before any relief is granted; accordingly, a court, before granting a plaintiff the equitable relief of an order granting the plaintiff title clear of a builder's construction lien filed by an unlicensed residential builder, must determine whether equity requires that the plaintiff first do equity by compensating the unlicensed builder for any improvements made to the property (MCL 339.2412; MSA 18.425[2412]).

*Miller, Canfield, Paddock and Stone. P.L.C.* (by *Lawrence M. Dudek* and *Elisa M. Angeli*), and *Dean, Dean, Segar & Hart, P.C.* (by *Robert L. Segar*), for the plaintiff.

*Rosati Associates, P.C.* (by *A. D. Rosati*), for the defendant.

Before: MARKMAN, P.J., and SAAD and HOEKSTRA, JJ.

MARKMAN, P.J. Defendant Modular One (hereinafter defendant) appeals as of right the trial court's grant of plaintiff's motion for partial summary disposition on the basis that defendant's liens on certain properties

were invalid and unenforceable.[1] We reverse and remand.

## I. FACTS AND PROCEEDINGS

This case arises out of plaintiff's action to quiet title to eight residential lots in Flint Township that it purchased through foreclosure. Plaintiff sought to remove defendant's lien claim with respect to each of the properties. Defendant improved each of the lots with the installation of modular houses, then placed a construction lien on each property before the properties were foreclosed and purchased by plaintiff. Plaintiff asserts that defendant's liens were invalid because defendant did not possess a statutorily required residential builder's license at the time that it made the improvements on these properties.

Plaintiff moved for summary disposition, contending that defendant's liens were unenforceable because (1) the lack of a residential builder's license barred defendant from enforcing the liens and (2) the inclusion of nonlienable items in the lien amounts invalidated the liens. Defendant did not file an answer to the motion for summary disposition, but at the hearing regarding the motion it relied on the following defenses: (1) plaintiff lacked standing to challenge the liens and (2) the former owners of the properties had waived the statutory licensing requirement. The trial court granted plaintiff's motion for summary disposition, reasoning that the liens were unenforceable because defendant did not have a builder's license. The court also determined that plaintiff did have

---

[1] Plaintiff moved for summary disposition only against defendant Modular One, because the case relative to defendant Eric Adams was administratively closed because of Adams' bankruptcy.

.

standing to challenge the liens because it was the owner of the properties. We reverse the trial court's grant of summary disposition.

## II. ANALYSIS

This Court reviews decisions concerning motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *Stehlik v Johnson (On Rehearing)*, 206 Mich App 83, 85; 520 NW2d 633 (1994).

> MCR 2.116(C)(10) permits summary disposition when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to [judgment] as a matter of law. A court reviewing such a motion must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the opposing party and grant the benefit of any reasonable doubt to the opposing party. [*Id.*]

First, we address defendant's argument that plaintiff did not have standing to challenge the validity of the liens because it was not a party to the construction contract and it did not obtain the rights of the original owners by virtue of its purchase through foreclosure. A construction lien gives the lienor an in rem interest in the property that it has improved. *Old Kent Bank of Kalamazoo v Whitaker Constr Co*, 222 Mich App 436, 439; 566 NW2d 1 (1997). "Although the proceeding to foreclose on the construction lien originates from the contract, it is an action directed at the property rather than the person or entity who contracted for the services." *Dane Constr, Inc v Royal's Wine & Deli, Inc*, 192 Mich App 287, 292-293; 480 NW2d 343 (1991). Thus, while an action seeking to enforce the provisions of a construction contract

would take place between the contracting parties, an action seeking to enforce or to attack a construction lien that arose out of such a contract must take place among those with an interest in the property. Here, plaintiff acquired title to the properties at issue through foreclosure. Pursuant to MCL 600.3236; MSA 27A.3236, a foreclosure sale vests in the purchaser "all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." Further, the Legislature codified actions to quiet title and authorized suits to determine competing parties' respective interests in land in MCL 600.2932(1); MSA 27A.2932(1). *VanAlstine v Swanson,* 164 Mich App 396, 400; 417 NW2d 516 (1987). Subsection 2932(1) provides as follows:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff . . . .

As the owner through foreclosure, plaintiff had title to the property. Because any encumbrance on the property would cloud its title to the property, plaintiff could challenge the validity of any liens clouding its title. Accordingly, the trial court correctly determined that plaintiff could bring this suit to quiet title.

We next turn to the propriety of the trial court's grant of summary disposition because defendant's liens were unenforceable. MCL 339.2412; MSA 18.425(2412) provides:

> A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and

alteration contractor shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.

By its terms, MCL 339.2412; MSA 18.425(2412) prevents an unlicensed contractor from suing to collect a money judgment. *Parker v McQuade Plumbing & Heating, Inc*, 124 Mich App 469, 471; 335 NW2d 7 (1983). An unlicensed contractor also cannot collect on a counterclaim. *Id.* However, this statutory language does not deprive an unlicensed builder of *all* rights. *Barbour v Handlos Real Estate & Building Corp*, 152 Mich App 174, 184; 393 NW2d 581 (1986). In *Parker, supra* at 471, this Court held that the statute was intended to protect the public as a shield, not as a sword, and, therefore, does not prohibit an unlicensed contractor from defending a breach of contract suit on its merits. The statute removes only an unlicensed contractor's power to sue, not its power to defend. *Id.*

Further, the Supreme Court determined in *Kirkendall v Heckinger*, 403 Mich 371, 374; 269 NW2d 184 (1978), that, although an unlicensed contractor may not be able to recover on a contract, equity mandated that a contractor be compensated for work that has been performed:

"It is a cardinal principle that equity will not aid a party in doing that which is not equitable. He who seeks equity must be prepared to do equity." *Goodenow v Curtis*, 33 Mich 505, 509 (1876).

See, also, *Bonninghausen v Hansen*, 305 Mich 595; 9 NW2d 856 (1943).

The plaintiffs sought an equitable remedy. Before ordering the conveyance to [plaintiff Dennis Kirkendall], the trial court was obliged to determine the amount the plaintiffs were required to pay the defendants in order to do equity. As the equitable mortgagee, [defendant Carl] Heckinger was entitled as a condition to reconveyance to reasonable expenditures for improvements on the property made with the [plaintiffs'] consent (and in fact with [one plaintiff's] active participation) while [defendant Carl] Heckinger had title to the property.

This Court also applied this equitable principle to an equitable suit against an unlicensed builder in *Green v Ingersoll*, 89 Mich App 228, 231-232; 280 NW2d 496 (1979). Relying on *Kirkendall*, this Court stated:

So too in this case, as noted by the trial judge, it was plaintiffs who first invoked the equity powers of the court. . . . Although we . . . hold that the court was precluded, under the statute, from granting defendants any relief on their counterclaim, he [sic] was bound to determine the relative equitable rights of all parties in fashioning the appropriate relief.

. . . If the court determines that plaintiffs are entitled to the equitable relief which they seek, it shall also determine what plaintiffs must pay defendants in order to do equity. [*Id.* at 237.]

Although defendant here could not maintain an action to enforce its lien because it was unlicensed, MCL 339.2412; MSA 18.425(2412), on the basis of the reasoning of *Green* and *Kirkendall*, it appears that plaintiff may nevertheless be required to compensate defendant for its work on the properties. In other words, in order to receive the equitable relief of an unclouded title, *Michigan Nat'l Bank & Trust Co v Morren*, 194 Mich App 407, 410; 487 NW2d 784 (1992), plaintiff must first do equity. Plaintiff argues that this

case is distinguishable from *Green* and *Kirkendall* because in those cases, unlike this case: (1) the parties were in contractual privity with each other and therefore had consented to the improvements, (2) a mortgagor/mortgagee relationship existed between the parties, and (3) the parties were in a buyer/seller relationship, *Utica Equipment Co v Ray W Mallow Co*, 204 Mich App 476, 479, n 1; 516 NW2d 99 (1994). However, in our judgment, a thorough reading of *Kirkendall, supra, Green, supra,* and *Barbour, supra,* indicates that none of these factors acts as a bar to requiring that plaintiff first do equity in this case.

First, although the plaintiffs in *Kirkendall, supra* at 372, asked for and even participated in the construction of the house at issue there, the defendant builder in *Green* fully constructed the house before plaintiffs entered into the picture and bought the house, *Green, supra* at 231. Thus, this Court applied the equity principle of *Kirkendall* in *Green* without requiring a construction contract or actual consent for the construction. Also, we believe that a requirement of contractual privity would not make sense here, where the focus is upon the property and the equitable value of the work on it, rather than upon any contract to do work. In an equitable action, such as plaintiff's suit to quiet title, a court "'looks at the whole situation and grants or withholds relief as good conscience dictates.'" *Morren, supra* at 410, quoting *Hunter v Slater,* 331 Mich 1, 7; 49 NW2d 33 (1951). Therefore, the existence or lack of a contract or a recorded lien should not be the determinative consideration in deciding whether equity requires that a builder be compensated for work on an owner's property. Whether the owner contracted for the work, or implicitly approved

it by buying the property with the builder's improve-
ments, as here, the owner has benefited at the
expense of the builder.

Second, we note that there was no actual mortgage
between the parties in either *Kirkendall* or *Green.*
The trial court in *Kirkendall, supra* at 373, concluded
that the defendant was an equitable mortgagee, which
means simply that a "lien [was] required by the facts
and circumstances of the parties' relationship." 1
Cameron, Michigan Real Property Law (2d ed), § 18.5,
p 658. In that case, the key circumstance that man-
dated a finding of an equitable mortgage was the con-
veyance of the property by the plaintiff to the unli-
censed builder, with reconveyance to take place once
the plaintiff had paid for the construction and the
improvements made to the property by the builder.
*Kirkendall, supra* at 373. In *Green, supra* at 232,
although the parties discussed a mortgage, it was
never executed. Instead, the defendant builder filed a
lien against the property for the amount still owing on
the house, and the plaintiff sued to remove the lien
cloud from the title on the basis of the defendant's
unlicensed status, as here. Unlike *Kirkendall,* there
was not even a finding of an equitable mortgage in
*Green.* Thus, there was no mortgagor/mortgagee rela-
tionship between the parties. Similarly, here there
appears to be no actual mortgage between the par-
ties.[2] Because the holding in *Green,* applying the prin-

---

[2] In defendant's brief on appeal, defendant alleges, among other facts,
that plaintiff worked with defendant to secure mortgage loans for each of
the properties at issue here to be developed by defendant. The implica-
tions of this plan on the relationship of the parties are not clear from the
allegations before us. However, it appears that at the time of the trial
court proceedings in this case, there was a separate pending case in the
trial court regarding the relationship between the parties here, the out-

ciple of equity, was not based on, nor did it even mention, a mortgage, *Green, supra* at 237, this factor also does not bar the requiring of equity by plaintiff in this case.

Third, we address the dictum found in a footnote in *Utica, supra,* requiring a buyer/seller relationship as a prerequisite to equity in an unlicensed contractor case. While we are not constrained to follow this dictum, we also find that the Court in *Utica* misread the law regarding this issue: Although *Kirkendall* and *Green* did involve buyer and seller parties, the *Kirkendall* equity principle was also applied in *Barbour, supra,* where the parties did not have a buyer-seller relationship. In that case, the plaintiff owned the land and paid the defendant for the construction of the building upon it and a mortgage to finance the project. *Barbour, supra* at 180-181. Thus, it appears that this Court has not required a buyer/seller relationship in order to apply the equity principle in this type of case.

Overall, application of the *Kirkendall* equity principle seems fairly straightforward: Where one party seeks an equitable remedy against an unlicensed builder who has performed residential construction work on property, and circumstances indicate that equity requires that the builder be paid for that work, the party seeking equity must first do equity by compensating the builder. See *Green, supra* at 237. Here, defendant held liens on plaintiff's properties that could not be executed because it was an unlicensed builder, MCL 339.2412; MSA 18.425(2412), and plain-

---

come of which is unknown to us. For this reason, and because these allegations were not introduced, argued, or decided in the court below, we will not address them for the first time on appeal here.

tiff was fully aware of the recorded liens as well as the improvements before it purchased the properties. We believe that the circumstances in this case warrant application of the equity principle without regard to the existence of a contract, a mortgage, or a buyer/seller relationship. Whether the builder holds a mortgage or a lien, or simply performed work on the property for which collection cannot be made because the builder is unlicensed, the important considerations are whether the plaintiff will benefit through equity at the expense of the defendant builder and thus whether equity requires payment for the work under the particular circumstances of the case. Here, defendant would have been able to sue to collect on the lien but for his unlicensed status, and plaintiff seeks to avoid payment for work on the properties that it knew were still owing at the time that it purchased the properties. In our judgment, under these circumstances, where plaintiff sought to quiet title to its property at the expense of the equitable rights of defendant, as in *Kirkendall, Green,* and *Barbour,* plaintiff is required to do equity and pay for defendant's work on its property before it can receive the equity of an unclouded title.[3]

---

[3] Plaintiff also argues that defendant's appeal is moot because it failed to file an action to enforce its claims of lien within one year from the time it recorded its liens pursuant to MCL 570.1117; MSA 26.316(117), and that the inclusion of nonlienable items in the lien amounts invalidated the liens. With regard to the statute of limitations issue, we do not believe that defendant was required to bring a meritless suit in order to preserve its right to receive equity. Because defendant's liens were unenforceable as a result of his being unlicensed, any suit on his part would have served only to preserve his rights should plaintiff decide to sue defendant in the future. Where a suit is brought in equity and does not rely upon the statute, as here, the statutory limitations period should not, in our judgment, act as an absolute bar, although an equity court may consider all the circumstances of a case in determining equity. In addition, with regard to the

Applying these principles, we believe that the trial court incorrectly held that defendant's liens were unenforceable because defendant did not have a builder's license. As a precondition to resolving plaintiff's action to quiet title, the court should have determined if defendant was entitled to payment for the work he performed on the property. Because the court concluded only that defendant's liens were invalid, the court essentially allowed MCL 339.2412; MSA 18.425(2412) to be used as a sword rather than being used as a shield, contrary to this Court's holdings in *Parker, supra* at 471; *Green, supra* at 235-37.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

---

lien amount, any recovery by defendant here will be based on equitable principles and reflect the equitable value of his work. It will not be either based on or limited by any contract or statutory considerations. See *Kirkendall v Heckinger,* 105 Mich App 621, 630; 307 NW2d 699 (1981) (Kirkendall II). We emphasize that it can hardly be said that an unlicensed builder who disregards the statutory licensing requirement and receives equity is thereby in a better position than a licensed builder suing under a contract, inasmuch as the former cannot affirmatively sue or counterclaim for any payments on a mortgage, lien, or contract. See *Charles Featherly Constr Co v Property Development Group, Inc,* 400 Mich 198; 253 NW2d 643 (1977). An unlicensed builder can only recover money if he is first sued, and the suit is for equitable relief, *Kirkendall, supra,* and any recovery is limited to the equitable relief judged appropriate by the court, rather than to any amount agreed to in a contract.