STOKES v MILLEN ROOFING COMPANY

Docket No. 216334. Submitted September 5, 2000, at Grand Rapids. Decided March 9, 2001, at 9:15 A.M. Leave to appeal sought.

Robert and Patricia Stokes brought an action in the Kent Circuit Court against Millen Roofing Company, seeking both removal of a construction lien that the defendant had filed on the plaintiffs' property and damages for breach of contract. The defendant filed a countercomplaint against the plaintiffs, alleging breach of contract, seeking foreclosure on the construction lien, and requesting recovery based on quantum meruit and other theories, and cross-complaints against the plaintiffs' architect, the plaintiffs' roofing consultant, a former general contractor of the project, and a bank. The plaintiffs withdrew their claim of breach of contract, and the court, Donald A. Johnston, J., vacated the construction lien and dismissed the defendant's counterclaims on the basis that the defendant, as an unlicensed residential builder, was prohibited by MCL 339.2412 from recovering compensation for the work it had performed. However, the court allowed the defendant to file an amended countercomplaint that contained. eleven counts. The court dismissed all the claims in the amended countercomplaint except a count alleging accord and a count alleging claim and delivery. Following a bench trial, the court found that the defendant's counterclaim based on an accord was not supported by the evidence, but found that the extraordinary circumstances of the case warranted equitable relief. The court ordered that the defendant, upon tendering to the plaintiffs the amount that they had already paid to the defendant, would be able to remove the roofing materials that it had supplied, but further ordered that the plaintiffs, upon the defendant's tendering of the repayment, could opt to keep the roof that had been installed by tendering to the defendant the unpaid portion of the original contract amount. A judgment incorporating the equitable relief and dismissing the defendant's remaining counterclaims and its cross-claims against the architect and the roofing consultant was entered. Subsequently, by stipulation of the parties, a judgment dismissing the cross-claims against the former general contractor and the bank was entered. The plaintiffs appealed, and the defendant cross appealed.

The Court of Appeals *held*:

1. MCL 339.2412 prohibits a residential builder from maintaining any action to collect compensation for its work unless the builder was licensed at the time the work was performed. That statutory prohibition has been interpreted as extending to counterclaims. Because the defendant was unlicensed at the time it performed the roofing work for the plaintiffs, the defendant had no right to pursue a claim against the plaintiffs.

2. Although unlicensed residential builders are prohibited by statute from suing for compensation, case law has held that an unlicensed residential builder may seek and obtain a recovery in certain circumstances under equitable principles.

3. The Court of Appeals in *Republic Bank v Modular One LLC*, 232 Mich App 444 (1998), a case that is factually similar to the present case in that the plaintiff in that case sought the equitable relief of the removal of the cloud on the plaintiff's title by the invalidation of the construction lien that the defendant had filed, held that the plaintiff, by seeking equity, had the duty to do equity. The *Republic Bank* Court held that the trial court should have determined whether the defendant was entitled to payment for the work performed on the plaintiff's property.

4. The panel deciding the *Republic Bank* case appears to have focused solely on the equitable principle that one who seeks equity must do equity and to have failed to consider the equally important equitable principle that one who seeks equity must come with clean hands. Because the Legislature has made the engaging in the practice of residential construction or improvement without a license a misdemeanor, neither the defendant in *Republic Bank* nor the defendant in this matter can be said to have come before the respective courts with clean hands. Further, the decision in *Republic Bank* would seem to undercut the very evil that the Legislature sought to address by divesting unlicensed residential builders of the power to sue to collect compensation for work performed while unlicensed.

5. Although the decision in *Republic Bank* appears to be wrongly decided and should be overruled, that decision is binding precedent that must be followed pursuant to MCR 7.215(H)(1). Accordingly, the trial court in this matter did not err in granting the defendant equitable relief or in refusing to dismiss all of the defendant's claims.

6. Because the defendant was an unlicensed residential builder, its construction liens were invalid and it had no legal right to maintain an action, including an action pursuant to a countercomplaint, against the plaintiffs. Accordingly, the trial court did not err in dis-

solving the defendant's construction lien on the plaintiffs' property or in dismissing the defendant's legal claims.

7. The trial court did not err in finding that plaintiff Patricia Stokes was not acting as a general contractor. Even if it is assumed that plaintiff Patricia Stokes was acting as the general contractor of the project, as she could do pursuant to MCL 339.2403(b) without being licensed as a residential builder, there is nothing in the statute to suggest that a subcontractor working for a property owner who is properly acting as an unlicensed residential contractor is thereby rendered exempt from the licensing requirement. Where the Legislature has chosen not to include such an exception among the exceptions to the licensing requirements included in the statute, the courts should not read such an exception into the statute.

8. The trial court did not err in dismissing the defendant's cross-claims against the architect and the roofing consultant. The defendant's assertion that those cross-defendants were acting with the actual or apparent authority of the plaintiffs was not supported by the evidence on the record. Further, the record contains no evidence supporting the defendant's allegations of unfair or deceptive practices by those cross-defendants.

Affirmed.

1. EQUITY — LICENSES — RESIDENTIAL BUILDERS LICENSING ACT — EQUITABLE CLAIMS — CONSTRUCTION LIENS.

The provision of the residential builders licensing act that prevents an unlicensed residential builder from bringing suit for a money judgment does not prevent such a builder from seeking that a plaintiff that has brought an equitable action first do equity before any relief is granted; a court, before granting a plaintiff the equitable relief of an order granting the plaintiff title clear of a construction lien filed by an unlicensed residential builder, must determine whether equity requires that the plaintiff first do equity by compensating the unlicensed builder for any improvements made to the property (MCL 339.2412).

2. LICENSES — RESIDENTIAL BUILDERS LICENSING ACT — PROPERTY OWNERS — GENERAL CONTRACTORS — EXEMPTIONS.

An unlicensed residential builder is not exempted from the operation of the provision of the residential builders licensing act that prevents an unlicensed builder from bringing suit for a money judgment where the owner of the property on which the improvement is being made is acting as an unlicensed general contractor of the project pursuant to the provision of the residential builders licensing act that exempts owners from the licensing requirement with

respect to projects involving the owner's own residential property (MCL 339.2403[b]).

*Bassey and Selesko, P.C.* (by *Robert C. Zack* and *Mark Merlanti*), for the plaintiffs.

*Visser & Bolhouse* (by *Donald R. Visser*), for the defendant.

Amicus Curiae:

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Michael A. Lockman*, Assistant Attorney General, for the Bureau of Commercial Services, Department of Consumer and Industry Services.

Before: DOCTOROFF, P.J., and HOLBROOK, JR., and SMOLENSKI, JJ.

DOCTOROFF, P.J. Plaintiffs appeal as of right from a May 1998 judgment of the Kent Circuit Court that found no cause of action on defendant's[1] counterclaim against plaintiffs, but awarded defendant equitable relief. Defendant cross appeals, challenging the trial court's grant of partial summary disposition to plaintiff that dismissed all but two of defendant's claims. We affirm the trial court's judgment awarding equitable relief because we are bound by MCR 7.215(H)(1) to follow the precedent of *Republic Bank v Modular One LLC*, 232 Mich App 444; 591 NW2d 335 (1998). Were we not bound by *Republic Bank*, we

---

[1] Third-party defendants Douglas Sumner, Comerica Bank, Thomas Dowling, and George Schuler are not parties to this appeal. For purposes of this opinion, the term "defendant" will be used to refer to Millen Roofing Company exclusively.

would reverse and remand for the reasons set forth below.

I

In December 1993, plaintiffs contracted with defendant, an unlicensed roofing contractor, for the construction of a slate roof with appurtenances on plaintiffs' residential property. Shortly after the work began, the parties developed "artistic differences," and a total breakdown in the parties' relationship in February 1994 resulted in a suspension of work. The parties renegotiated their agreement, and defendant resumed work on the roof.

After a dispute arose regarding payment, defendant filed a construction lien on plaintiffs' property. Thereafter, plaintiffs filed suit against defendant, seeking damages for breach of contract and removal of the construction lien. Defendant filed a counterclaim, alleging breach of contract, seeking foreclosure on the construction lien, and requesting recovery based on quantum meruit and other theories. The trial court dismissed defendant's counterclaim and vacated the construction lien on the basis that defendant, as an unlicensed residential builder, was prohibited by MCL 339.2412 from recovering compensation for the work performed. However, the trial court allowed defendant to amend his countercomplaint to add eleven counts. Upon plaintiffs' motion for summary disposition, the trial court dismissed all claims in defendant's countercomplaint, except a count alleging an accord and a count for "claim and delivery" or common-law replevin.

At the conclusion of a bench trial in May 1998, the trial court found that defendant's accord theory was not supported by the evidence. However, the court found that the "extraordinary circumstances" of the case warranted equitable relief. The court fashioned a complicated remedy that allowed defendant to remove the roofing materials it placed on plaintiffs' house if defendant paid $52,934 to an escrow agent, who would pay those funds to plaintiffs upon defendant's removal of the roofing materials. However, once defendant paid the funds to the escrow agent, plaintiffs would have twenty-eight days to deposit $113,269 with the escrow agent. If plaintiffs chose to do so, defendant would not have the right to remove the roofing materials, but would receive the funds placed in escrow, and the matter would be resolved.

II

Plaintiffs first argue that the trial court erred in granting equitable relief to defendant and in failing to dismiss all claims brought by defendant because the residential builders licensing act, MCL 339.2401 *et seq.*, bars defendant's claims. Plaintiffs are correct that defendant is barred from suing to collect for the contracted work by MCL 339.2412, which states:

> A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not bring or maintain an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract.

The statute clearly prohibits a residential builder or contractor from maintaining any action to collect compensation for its work unless the builder or contractor was licensed at the time the work was performed. *Charles Featherly Constr Co v Property Development Group, Inc*, 400 Mich 198, 203; 253 NW2d 643 (1977). This prohibition has been interpreted as extending to counterclaims as well as complaints. *Republic Bank, supra* at 449; *Parker v McQuade Plumbing & Heating, Inc*, 124 Mich App 469, 471; 335 NW2d 7 (1983). Because defendant was unlicensed at the time it performed the work on plaintiffs' roof, defendant had no right to pursue a claim against plaintiffs.

A

Although unlicensed residential builders or contractors are prohibited by statute from suing for compensation, case law has provided for recovery in certain circumstances under equitable principles. An unlicensed residential builder's or contractor's right to equitable compensation was first addressed in *Kirkendall v Heckinger*, 403 Mich 371; 269 NW2d 184 (1978). In *Kirkendall*, the plaintiff property owner approached the defendant builder to construct a house for plaintiff's son on plaintiff's property. The plaintiff owed $1,250 on the property pursuant to a land contract. The defendant agreed to pay off the land contract and the back taxes and to provide the labor and materials to construct the house in exchange for a disputed amount of money. The plaintiff conveyed the property to the defendant, who was to convey the property to the plaintiff's son upon the completion of the house. However, when the house

was completed, a dispute arose regarding the amount owed to the defendant.

The plaintiff filed suit, requesting a conveyance of the property to the plaintiff's son in exchange for $9,250 paid to the defendant, or in the alternative, an award of $7,000 on a theory of unjust enrichment. The defendant filed a counterclaim seeking an award of money damages, which included the value of the labor and materials used in the construction of the house. The trial court ruled that legal title to the property should go to the plaintiff's son upon the payment of approximately $1500 to the defendant as reimbursement for his payment of the land contract and back taxes. The trial court dismissed the defendant's counterclaim on the basis of the provision in the residential builders licensing act prohibiting unlicensed builders from bringing a claim to collect for work performed.

On appeal, after noting the maxim that "he who seeks equity must be prepared to do equity," our Supreme Court concluded:

> The plaintiffs sought an equitable remedy. Before ordering the conveyance to Dennis Kirkendall, the trial court was obliged to determine the amount the plaintiffs were required to pay the defendants in order to do equity. As the equitable mortgagee, Heckinger was entitled as a condition to reconveyance to reasonable expenditures for improvements on the property made with the Kirkendall's consent (and in fact with Dennis Kirkendall's active participation) while Heckinger had title to the property. [*Id.* at 374.]

Although the holding of *Kirkendall* would appear to be controlling and dictate a result similar to that reached by the trial court, *Kirkendall* is distinguishable from the case at bar. First, the circumstances

under which the trial court's equitable powers were invoked in the present case is significantly different. In *Kirkendall*, the trial court found that an equitable mortgage existed between the parties. *Id.* at 373. The circumstance that gave rise to the equitable mortgage, namely, the contractor's promise to transfer title to the property to the original owner's son, existed before the parties' dispute arose and was premised upon the property owner's promise to pay the contractor. Further, although the contractor had no right to pursue payment against the property owner because of his unlicensed status, there was nothing invalid or illegal about the manner in which the contractor obtained title to the property, and, accordingly, an equitable remedy for the contractor was appropriate.

By contrast, in the present case, there was no predispute agreement whereby plaintiffs agreed to pay defendant in exchange for receiving clear title to their property. In fact, the circumstance that compelled plaintiffs to seek an equitable remedy, defendant's lien on plaintiffs' property, was not a term of the parties' agreement and did not arise until after the relationship between the parties had broken down. In addition, as an unlicensed residential builder, defendant had no legal right to claim a lien on plaintiffs' property. MCL 570.1114.[2] Although the lien was invalid and unenforceable, plaintiffs were compelled to seek an equitable remedy, not to unjustly enrich themselves at defendant's expense, but to clear the clouded title on their property. These clear distinc-

---

[2] The Construction Lien Act, MCL 570.1101 *et seq.*, prevents a contractor from asserting a construction lien on a residential property unless the contractor was licensed. MCL 570.1114(b).

tions lead to the conclusion that the equitable exception to MCL 339.2412 created by the *Kirkendall* Court should be limited to the facts of that case and need not be applied to the present case.

B

Although the facts of *Kirkendall* are clearly distinguishable from this case, this Court has applied the *Kirkendall* holding in similar circumstances. In *Green v Ingersoll*, 89 Mich App 228, 237; 280 NW2d 496 (1979), this Court found that an unlicensed contractor was entitled to compensation for the value of improvements on residential property where the property owner invoked the equity powers of the court to remove the contractor's lien on the property. The same analysis was applied by this Court in two subsequent cases, *Parker, supra*, and *Barbour v Handlos Real Estate & Building Corp*, 152 Mich App 174; 393 NW2d 581 (1986), that also had fact patterns similar to the present case. Because these three cases were decided before November 1, 1990, they are not binding on this Court. MCR 7.215(H)(1).

However, this Court is bound by the holding of *Republic Bank*, which applied the *Kirkendall* equitable remedy to a factually similar situation. In *Republic Bank*, the defendant builder installed modular homes on several residential lots, then placed construction liens on the properties. The plaintiff purchased the properties through foreclosure and filed suit to remove the defendant's liens. The plaintiff moved for summary disposition on the ground that the defendant's liens were invalid because the defendant did not have a residential builder's license. The

trial court granted the plaintiff's motion for summary disposition, and the defendant appealed.

This Court held that, while the defendant unlicensed residential builder could not bring suit to enforce the liens, because the plaintiff requested equitable relief, i.e., the removal of the cloud on its title, the plaintiff was required to compensate the defendant:

> Where one party seeks an equitable remedy against an unlicensed builder who has performed residential construction work on property, and circumstances indicate that equity requires that the builder be paid for that work, the party seeking equity must first do equity by compensating the builder. [*Id.* at 453.]

This Court further held that the requirement to do equity is not dependent on the existence of a contractual relationship, a mortgagor/mortgagee relationship, or a buyer/seller relationship. *Id.* at 451-453. This Court concluded that, before resolving the plaintiff's action to quiet title by invalidating the defendant's liens, the court should have determined whether the defendant was entitled to payment for the work performed on the property. *Id.* at 455.

This Court's decision in *Republic Bank* relies on the accepted principle that one who seeks equity must first do equity. However, it appears to ignore an equally important equitable principle, the doctrine of clean hands. The clean hands doctrine closes the doors of a court of equity to a party tainted by inequitable conduct or bad faith relative to the matter for which equity is sought, however improper the behavior of the other party. *Stachnik v Winkel*, 394 Mich 375, 382; 230 NW2d 529 (1975). The doctrine is in-

tended to protect the integrity of the court, and any wilful act that transgresses equitable standards of conduct is sufficient cause to invoke the doctrine of clean hands. *Id.* at 386.

In both *Republic Bank* and the present case, the defendant residential builder had unclean hands. Both defendants violated the law by engaging in the practice of residential construction or improvement without a license. MCL 339.601(1). The defendants' misconduct not only demonstrated bad faith, but constituted a misdemeanor, punishable by a fine of $500, or imprisonment for ninety days, or both. MCL 339.601(3). In addition, both the defendant in *Republic Bank* and the defendant in the instant case ignored the law by recording invalid construction liens on the residential properties at issue. MCL 570.1114(b). Clearly, these defendants came to the court with unclean hands and, as such, were not entitled to equitable relief.

Further, we are deeply concerned with the precedent created by the holding of *Republic Bank*. Our Legislature created the residential builders licensing act for the express purpose of protecting homeowners. *Featherly Constr, supra* at 202; *Utica Equipment Co v Ray W Malow Co*, 204 Mich App 476, 477; 516 NW2d 99 (1994). The licensing requirement allows the state to monitor and control the conduct of residential builders and contractors by establishing infractions subject to penalties. MCL 339.2411.[3] In order to discourage residential builders and contractors from

---

[3] MCL 339.2411(2) proscribes various types of misconduct on the part of licensed contractors, including the following that may be applicable to the present case:

operating without a license, the act establishes the severe penalty of divesting a builder or contractor of the power to sue to collect compensation for their

---

(a) Abandonment without legal excuse of a contract, construction project, or operation engaged in or undertaken by the licensee.

\*     \*     \*

(d) A willful departure from or disregard of plans or specifications in a material respect and prejudicial to another, without consent of the owner or an authorized representative and without the consent of the person entitled to have the particular construction project or operation completed in accordance with the plans and specifications.

(e) A willful violation of the building laws of the state or of a political subdivision of the state.

\*     \*     \*

(h) Failure to deliver to the purchaser the entire agreement of the parties including finance and any other charge arising out of or incidental to the agreement when the agreement involves repair, alteration, or addition to, subtraction from, improvement of, wrecking of, or demolition of a residential structure or combination of residential and commercial structure, or building of a garage, or laying of concrete on residential property, or manufacture, assembly, construction, sale, or distribution of a residential or combination residential and commercial structure which is prefabricated, preassembled, precut, packaged, or shell housing.

\*     \*     \*

(j) Aiding or abetting an unlicensed person to evade this article, or knowingly combining or conspiring with, or acting as agent, partner, or associate for an unlicensed person, or allowing one's license to be used by an unlicensed person, or acting as or being an ostensible licensed residential builder or licensed residential maintenance and alteration contractor for an undisclosed person who does or shall control or direct, or who may have the right to control or direct, directly or indirectly, the operations of a licensee.

\*     \*     \*

(m) Poor workmanship or workmanship not meeting the standards of the custom or trade verified by a building code enforcement official.

work unless the builder or contractor is licensed. MCL 339.2412; *Featherly Constr, supra* at 203.

Through its decision in *Republic Bank,* this Court drew a road map for residential builders and contractors who want to avoid the licensing requirements of the act. If the homeowner does not pay the unlicensed builder or contractor, the builder or contractor need only file a lien on residential property. Even though the lien is invalid and unenforceable, the homeowner or, as in the case of *Republic Bank,* the subsequent purchaser of the property is forced to file suit to remove the cloud that the lien has placed on the title. Because an action to quiet title invokes the equitable powers of the court, the homeowner or subsequent purchaser must now "do equity" by paying the contractor, thereby defeating the statutory licensing scheme and its resultant penalties.

This Court is also concerned with the apparent lack of deference to our Legislature demonstrated by the *Republic Bank* decision. The penalty contained in MCL 339.2412, was enacted more than forty years ago, and the language of the statute has not changed significantly during that time.[4] *See Alexander v Neal,* 364 Mich 485, 486-487; 110 NW2d 797 (1961).[5] Regard-

---

[4] The statute was last amended by 1980 PA 496. The amendment deleted a sentence that had been included in § 2412 when it had been enacted in 1980 PA 299, § 2412 and that had been included in substantially the same language in the predecessor provisions of 1965 PA 383, § 16, and 1953 PA 208, § 16, which read:

This section shall not defeat the right of a mechanic's lien on the part of a person who in good faith sells material or performs labor for a residential builder or residential maintenance and alteration contractor.

[5] The Court in *Alexander* cited 1953 PA 208, § 16, a precursor to MCL 339.2412, which stated:

less of how unjust the statutory penalty might seem to this Court, it is not our place to create an equitable remedy for a hardship created by an unambiguous, validly enacted, legislative decree. Where the meaning of the language of a statute is clear, this Court should refrain from adding judicial gloss. *Thrifty Rent-A-Car Systems, Inc v Dep't of Transportation*, 236 Mich App 674, 678; 601 NW2d 420 (1999). Further, this Court should not depart from the literal construction of a statute unless application of the statute as written is inconsistent with the purpose of the legislation. *Id.* Although the holding of *Republic Bank* did not involve direct interpretation of a statute, this Court's extension of the equitable exception of *Kirkendall* to all situations where a property owner attempts to remove an invalid construction lien from the property's title had the same result as inappropriate judicial interpretation in that it subverted the clear intent of the Legislature.

For the foregoing reasons, we believe that this Court's decision in *Republic Bank* was incorrectly decided and should be overruled. However, pursuant to MCR 7.215(H)(1), this Court must follow that precedent. Therefore, we hold that the trial court in the present case did not err in granting defendant equitable relief or in refusing to dismiss defendant's claims.

---

No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract . . . .

III

Defendant raises three issues in its cross appeal. Defendant first argues that the trial court erred in dismissing its countercomplaint against plaintiffs and dissolving its construction lien on plaintiffs' property. We disagree. Under MCL 339.2412, as an unlicensed builder, defendant had no legal right to bring or maintain an action against plaintiffs, including filing a countercomplaint. *Republic Bank, supra* at 449; *Parker, supra* at 471. Likewise, defendant's construction lien was invalid because defendant was unlicensed at the time it performed the work on plaintiff's property. MCL 570.1114(b). Further, the trial court allowed defendant to amend its countercomplaint and proceed with equitable claims. We find no error in the trial court's decision to dismiss defendant's legal claims and dissolve its construction lien.

Defendant also argues that it is exempt from the requirements of the residential builders licensing act because it contracted with plaintiff Patricia Stokes, who was acting as a general contractor and who was not subject to the licensing requirement. Defendant bases this argument on MCL 339.2403(b), which allows a property owner to act as a residential contractor with respect to the owner's own residential property without obtaining a license. According to defendant's theory, it was a subcontractor to the unlicensed general contractor, Patricia Stokes, and because the general contractor was not required to be licensed, it was not required to be licensed either. When defendant advanced this theory at trial, the court found that Patricia Stokes was not acting as a general contractor and that, even if she was assuming

that role, it would not eliminate defendant's licensing requirement. We find no error in the trial court's conclusion with respect to this issue.

Although defendant is correct that a property owner may act as a residential contractor with respect to the owner's own property without the benefit of a license, defendant is unable to cite any authority supporting its position that because the general contractor has no requirement for a license, the subcontractor is also exempt from the licensing requirements. The act lists several exceptions to the licensing requirement; however, there is no exception for subcontractors to unlicensed property owners within the plain language of MCL 339.2403. Because the Legislature did not see fit to include an exception for defendant's situation, we will not read such an exception into the statute. The Legislature is presumed to be aware of the consequences of the use or omission of language when it enacts the laws that govern our behavior. *Lumley v Univ of Michigan Bd of Regents*, 215 Mich App 125, 129-130; 544 NW2d 692 (1996).

Defendant's last argument is that the trial court erred in dismissing George Schuler and Thomas Dowling as third-party defendants. Defendant claims that Schuler, a journeyman sheet metal worker and roofer, and Dowling, an architect, were acting as agents of plaintiffs and, during the course of that agency, violated the Michigan Consumer Protection Act, MCL 445.901 *et seq.*, by engaging in unfair and deceptive practices. We find this allegation to be without merit.

An agency relationship may arise where there is a manifestation by the principal that the agent may act

on the principal's behalf. *Meretta v Peach*, 195 Mich App 695, 697; 491 NW2d 278 (1992). Where no actual agency exists, a principal may be bound by the actions of an agent under the doctrine of apparent authority. *Alar v Mercy Memorial Hosp*, 208 Mich App 518, 528; 529 NW2d 318 (1995). Apparent authority arises where the acts of the purported agent lead a third party to reasonably believe that an agency relationship exists. However, apparent authority must be traced to the principal and cannot be established only through the acts of the agent. *Id.*

In this case, the evidence does not support defendant's theory that Schuler and Dowling were acting under either the actual or apparent authority of plaintiffs. Plaintiffs, Schuler, and Dowling each denied the existence of any actual agency relationship or that any of them ever informed defendant that Schuler and Dowling were agents of plaintiffs. Further, this Court was unable to find any evidence in the record supporting defendant's allegations of unfair or deceptive practices. We find no error in the trial court's decision to dismiss Schuler and Dowling.

IV

In conclusion, we affirm the trial court's decision to grant defendant equitable relief because of this Court's duty under MCR 7.215(H)(1) to follow the precedent of *Republic Bank, supra*. Were it not for the holding of *Republic Bank*, we would reverse and remand with the instruction that the trial court should dismiss defendant's equitable claims against plaintiff. We also affirm the trial court's decision to dismiss defendant's countercomplaint, dissolve the

construction lien on plaintiffs' property, and dismiss defendant's claims against Schuler and Dowling.

Affirmed.