# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 19, 2008

132363

ROBERSON BUILDERS, INC.,
      Plaintiff/Counter-Defendant-
      Appellant,

v

JAMES LARSON,
      Defendant/Counter-Plaintiff-
      Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132363
COA: 260039
Midland CC: 03-005718-CZ

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of February 1, 2008. The application for leave to appeal the September 19, 2006 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

KELLY, J. (*concurring*).

I concur in the Court's order denying leave to appeal in this case. The Court of Appeals correctly held that plaintiff is not entitled to a setoff against defendant's counterclaims.

Plaintiff, a contractor, sued defendant, a homeowner, for unpaid charges under a home remodeling contract. The trial court dismissed plaintiff's suit pursuant to MCL 339.2412(1) when it learned that plaintiff did not have a residential builder's license. The case proceeded to trial on defendant's counterclaims for breach of contract and violation of the Michigan Consumer Protection Act (MCPA).[1] Despite plaintiff's unlicensed status, the trial court allowed it to present to the jury a claim for a setoff against defendant's claims based on work it had performed under the contract. The jury awarded damages to defendant but set off several thousand dollars for work performed by plaintiff.

---

[1] MCL 445.901 *et seq.*

The Court of Appeals reversed, holding that plaintiff was not entitled to a setoff because it was unlicensed and therefore barred from seeking compensation for work performed. We initially granted leave to appeal to determine whether asserting a claim for a setoff amounts to bringing or maintaining an action for purposes of MCL 339.2412(1).

MCL 339.2412(1) provides:

> A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not bring or maintain an *action* in a court of this state *for the collection of compensation* for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract. [Emphasis added.]

Black's Law Dictionary (8th ed) generally defines "action" as "a civil or criminal judicial proceeding." Black further notes that an "'action' in the sense of a judicial proceeding includes recoupment, counterclaim, *set-off*, suit in equity, and any other proceedings in which rights are determined."[2] Here, plaintiff's claim was in fact a setoff against an amount found by the jury to be owed to defendant.[3] Specifically, the trial court's judgment provides:

ROBERSON'S CLAIM FOR SETOFF

> 5. Mr. Larson asked for or received services in addition to those provided for in the construction contract and waived the contract provision requiring his written change order as to those items.

---

[2] *See* MCL 440.1201(1).

[3] Justice Markman opines that plaintiff's claim is a "recoupment" rather than a "setoff." He relies on the definition of "setoff" in Black's Law Dictionary (6th ed). But he overlooks Black's second definition of "setoff," which includes "a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor; the counterbalancing sum owed by the creditor." I believe that, in his attempt to find the proper label for plaintiff's claim, Justice Markman misses the point. At issue is whether plaintiff's setoff, recoupment, counterclaim, counterdemand (call it what you may) constitutes an "action" within the meaning of § 2412(1).

   6. The dollar value of the items as to which Mr. Larson waived the writing requirement and which Roberson performed are as follows:

     Extras: $6,378.

  By labeling something a "recoupment" rather than a setoff, an unlicensed builder may not avoid the proscription of § 2412(1).  Such a maneuver, if permitted, would elevate form over substance.  Furthermore, in *Stokes v Millen Roofing Co*, we broadly construed the statutory term "compensation."[4]  Even though the plaintiff in *Stokes* sought compensation in the form of a "setoff," it was nonetheless "compensation" or "something to be received as an equivalent for [the plaintiff's] services."[5]  Accordingly, given Black's definition of "action," the precedent in *Stokes*, and the desirability of avoiding misleading labels, plaintiff's claim in this case constitutes an "action" for purposes of § 2412(1).[6]

  This analysis is only the first step in applying § 2412(1).  The second step is to determine whether plaintiff's setoff claim constitutes an action for the "collection of compensation."  In *Stokes*, we held that because "compensation" is not a term of art, we apply a dictionary definition to it.[7]  Accordingly, "compensation" means "something given or received as an equivalent for services, debt, loss, injury, etc.; indemnity; reparation; payment."[8]  Applying this definition for purposes of § 2412(1), we held that the statute "disallows an action for the reasonable value of materials conveyed, because

---

[4] *Stokes v Millen Roofing Co*, 466 Mich 660, 666 (2002).

[5] *Id*. at 665 (citation and quotation marks omitted).

[6] I agree with Justice Markman that, according to Black's Law Dictionary, plaintiff's claim for a setoff may arguably be characterized as a "defense."  However, both *Stokes* and Black's lead to the conclusion that an "action" includes a claim for a setoff.

  The Court of Appeals held, and this Court has agreed, that a claim such as plaintiff's constitutes an "action" as a matter of law.  Any further discussion of whether an "action" encompasses setoffs, recoupments, etc. is pointless once it was determined that plaintiff's claim constituted an "action" under § 2412(1).

  Moreover, Justice Markman's concern for the potential exposure of unlicensed builders to lawsuits is of no consequence to the resolution of this case.  The Legislature clearly intended that builders who wish to use the courts to enforce their construction contracts with homeowners must obtain licensure from the state.

[7] *Stokes*, *supra* at 665.

[8] *Random House Webster's College Dictionary* (1995).

such an action seeks 'payment' or 'something given or received as an equivalent for [a] debt' or 'loss.'"[9]

When these definitions are applied to this case, plaintiff's claim is explicitly barred by § 2412(1).  Plaintiff is seeking payment for work it performed on defendant's home.  The trial court, pursuant to § 2412(1), dismissed plaintiff's initial suit for breach of contract because plaintiff was unlicensed.  Thus, plaintiff is now essentially seeking to do indirectly what it could not accomplish directly, maintain an action against defendant for damages for breach of contract.  In fact, the compensation plaintiff seeks is a dollar-for-dollar reduction in the amount owed to defendant.

The Court of Appeals properly held that plaintiff was not entitled to seek a setoff against defendant's counterclaims.  Accordingly, I concur in the Court's order denying plaintiff's application for leave to appeal.

YOUNG, J., joins the statement of KELLY, J.

MARKMAN, J. (*dissenting*).

Plaintiff contractor sued defendant homeowner for unpaid charges under a contract for home remodeling.  Its suit was dismissed on the basis of MCL 339.2412(1) when it was disclosed that plaintiff did not have a residential-construction license.  The case then proceeded to trial on defendant's counterclaims for breach of contract and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq*.  The trial court allowed plaintiff to present a "setoff" claim as an affirmative defense based on certain work it had performed under the contract.[10]  Although the jury eventually determined that defendant was entitled to $25,464 because plaintiff had breached the contract by failing to provide workmanlike services, it found that plaintiff was entitled to a "setoff" of $6,378.  The jury also determined that plaintiff had not "failed to provide the promised benefit" under the contract, so the trial court awarded no MCPA damages.  The Court of Appeals ruled that plaintiff was not entitled to any "setoff" because it was unlicensed,

---

[9] *Stokes*, *supra* at 666.

[10] Although the parties and the lower courts refer to plaintiff's claim as a setoff, the claim is more accurately identified as a recoupment.  A setoff is a "[r]emedy employed by defendant to discharge or reduce plaintiff's demand by an opposite one arising from a transaction which is extrinsic to plaintiff's cause of action."  Black's Law Dictionary (6th ed).  A recoupment is "[t]he right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to plaintiff's claim."  *Id*.  Because, here, plaintiff's claim arises from the same contract giving rise to defendant's claim, it is one for a recoupment and not for a setoff.

reversed on the MCPA claim, and remanded to the trial court to determine the attorney fees that should be awarded to defendant under the MCPA.

MCL 339.2412(1) provides:

A person or qualifying officer for a corporation or member of a residential builder or residential maintenance and alteration contractor shall not *bring or maintain* an action in a court of this state for the collection of compensation for the performance of an act or contract for which a license is required by this article without alleging and proving that the person was licensed under this article during the performance of the act or contract. [Emphasis added.]

Therefore, an unlicensed contractor cannot "bring or maintain an action . . . for the collection of compensation . . . ." See *Stokes v Millen Roofing Co*, 466 Mich 660, 667 (2002).

The issue here is whether making a claim for a setoff or recoupment as a *defense* to another party's claim amounts to "bring[ing] or maintain[ing] an action." Black's Law Dictionary (6th ed) defines "action" as "a lawsuit brought in a court; a formal complaint within the jurisdiction of a court of law."[11] A cause of action may be asserted by a "complaint, cross-claim, counterclaim, or third-party claim . . . ." MCR 2.111(F)(2).

---

[11] Justice Kelly concludes that because Black's Law Dictionary (7th ed) provides that "'[a]ction', in the sense of a judicial proceeding, includes recoupment, counterclaim, set-off, suit in equity, and any other proceeding in which rights are determined," and because plaintiff's claim was a "setoff," it is necessarily an "action" for purposes of MCL 339.2412(1). I disagree. Not only does Black's (6th ed) itself indicate that a recoupment, which, as noted above, properly describes the instant claim, is "a purely defensive matter," and not only does Black's (8th ed) itself states that a recoupment constitutes an "affirmative defense," which, as noted below, is distinct from an "action," but the language invoked by Justice Kelly quotes the Uniform Commercial Code (UCC) § 1-201(b)(1). The instant case does not involve the UCC, but, rather, the Occupational Code, which statute has a very different purpose, with particular implications in terms of what constitutes an "action." Unlike the UCC, which is designed to simplify, clarify, and make uniform the law of commercial transactions, the Occupational Code specifically prohibits unlicensed professionals from bringing an "action" in order to facilitate the code's purpose of preventing and penalizing unlicensed activity. Finally, even on its own terms, that an "action" under the UCC "includes" a recoupment and a setoff does not logically signify that a recoupment or setoff can *only* be considered an action, and not something else in a different context as well. That, for example, the term "Christmas Decorations" includes pine trees does not mean that pine trees may not also be considered coniferous trees for different purposes.

Here, the setoff or recoupment claim was not asserted in a complaint, cross-claim, counter claim, or third-party claim. Rather, it was asserted only as a defense in plaintiff's answer to defendant's counterclaim.

MCR 2.111(F)(2) provides that a "party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim." That is, a party must file an answer raising any *defenses* it has to an action that has been filed against it.[12] This at least suggests that a defense does not constitute an "action," but, rather, constitutes something one files to protect oneself *against* an action that has already been brought against one. Thus understood, raising a defense would not constitute "bring[ing] or maintain[ing] an action" under MCL 339.2412(1).

This conclusion is further underscored by the definition of "defense." A "defense" is "[t]hat which is offered and alleged by the party proceeded against in an action or suit . . . to diminish plaintiff's cause of action or defeat recovery." Black's Law Dictionary (6th ed). Thus, a defense is not an action, i.e., a complaint or counterclaim, but something one files in response to a complaint or a counterclaim to shield oneself from that action. Although MCL 339.2412(1) prohibits certain persons from "bring[ing] or maintain[ing] an action," it does not prohibit them from *defending* themselves in an action brought against them. And one of the ways by which a party may defend itself is to "diminish [an opponent's] cause of action" by way of a setoff or recoupment. Because nothing in the law precludes an unlicensed builder from raising a setoff or recoupment claim as a defense, I believe the Court of Appeals decision is in error.

The Court of Appeals decision deprives unlicensed builders of even the most basic opportunity to defend themselves in a court of law *and o*pens the door to extraordinarily unfair exercises in gamesmanship by those who might sue an unlicensed builder. For example, under the court's interpretation of MCL 339.2412(1), a landowner could knowingly hire an unlicensed contractor to build a home and contract to pay him $200,000. The builder completes the project after spending $150,000 in labor and construction materials. Relying on the Court of Appeals decision in this case, the owner may then claim that the builder failed to properly perform part of the project, refuse to pay him, and seek *additional damages* of $40,000 knowing that the builder would be wholly unable to obtain compensation for the benefits conferred by his work or even raise a setoff or recoupment defense to the additional claim. While the former result may be required under the statute, see *Stokes*, *supra* at 675-677 (2002) (Markman, J., concurring), I do not believe the latter result is. I do not believe that the Legislature

---

[12] An "answer" is "the formal written statement made by a [party] setting forth the grounds for [the party's] defense[.]" Black's Law Dictionary (6th ed).

intended by this statute to deprive the builder in the foregoing hypothetical scenario of $190,000 ($150,000 in labor and construction materials and $40,000 in additional damages sought by the owner) without affording him even a minimal opportunity to defend himself by raising a setoff or recoupment defense. "The statute removes an unlicensed contractor's power to *sue*, not the power to defend. [MCL 339.2412] was intended to protect the public as a shield, not a sword." *Parker v McQuade Plumbing & Heating, Inc*, 124 Mich App 469, 471 (1983).

CAVANAGH, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 19, 2008

*Corbin R. Davis*

Clerk

s1216